BERNARD DUNCAN, an Infant, by His Guardian ad Litem, WILLIAM DUNCAN, Appellant, v. JEROME LAURY, Also Known as GIROMO LAURY, FREDERICK ESPOSITO and LOUISA ESPOSITO, Respondents. (Action No. 1.) BERNARD DUNCAN, an Infant, by His Guardian ad Litem, WILLIAM DUNCAN, Appellant, v. JEROME LAURY, Also Known as GIROMO LAURY, and LOUISA ESPOSITO, Respondents. (Action No. 2.) — On the court's own motion, the decision of this court handed down on December 28, 1936 [ante, p. 314], is hereby amended to read as follows: Judgment, in so far as an appeal is taken therefrom, dismissing the first, second, third, and fourth causes of action of the complaint in action No. 1 (contained in the first paragraph of the judgment) reversed on the law, with costs, and the action remitted to Special Term to enter judgment for plaintiff with costs, in form to be determined on additional proof on the subject of payments heretofore made on the judgment and of the rental value of the property. The judgment to be entered shall, in the discretion to be exercised at Special Term upon inquiry into the facts, provide either that a receiver be appointed to collect the rents, or that an equitable lien be impressed on the property and the sale thereof directed. Opinion by Davis, J. Lazansky, P. J., Hagarty, Carswell and Johnston, JJ., concur.

FREDERICK J. HALLER, Appellant, v. FRED RUDMANN, Respondent, and UNITED DRUG Co., INC., Defendant. HILDA HALLER, Appellant, v. FRED RUDMANN, Respondent, and UNITED DRUG Co., INC., Defendant.— Action by plaintiff wife to recover damages for injuries sustained when, while unscrewing and removing the metal cap from a bottle in which rubbing alcohol had been sold to her by defendant, a retail druggist, she cut her finger on the broken thread of the bottle, which defect was not apparent until she had removed the cap. The complaint was based on negligence and breach of an implied warranty. Action by plaintiff husband for the expenses incurred and for loss of his wife's services. Upon the trial plaintiffs relied solely upon the cause of action for breach of an implied warranty. Judgment of nonsuit in the wife's action reversed on the law and a new trial granted, with costs to appellant to abide the event. We are of the opinion that the bottle is just as much a part of the sale as its contents and that the provisions of the statute (Pers. Prop. Law, § 96) are equally applicable to it, and where, as here, the defect was latent and inspection impossible unless the cap was removed, the law casts the burden on the seller, who may vouch in the manufacturer if the latter was to blame. (Morelli v. Fitch & Gibbons, L. R. [1928], 2 K. B. 636; Geddling v. Marsh, L. R. [1920], 1 id. 668.) Judgment of nonsuit in the husband's action unanimously affirmed, without costs. There was no proof of negligence — in fact, the theory of negligence was abandoned at the trial — and the husband may not maintain an action for a breach of an implied warranty to recover for the consequential damages sustained by him for medical expenses and the loss of his wife's services. (Gimenez v. Great Atlantic & Pacific T. Co., 264 N. Y. 390; McSpedon v. Kunz, 245 App. Div. 824; affd., 271 N. Y. 131.) Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ., concur.