## SANDERS v. NEHI BOTTLING CO. et al.

District Court, N. D. Texas, Dallas Division.
Dec. 7, 1939.

Renfro & Kilgore, of Dallas, Tex., for the plaintiff, opposed.

L. E. Elliott, William Burrow, Irion Worsham, and Lawther, Cramer, Perry & Johnson, all of Dallas. Tex., for the motions.

ATWELL, District Judge.

Plaintiff alleges that on August 1st, 1937, at 6. o'clock P. M., desiring to make a purchase from the City Ice Delivery Company, he went on a bicycle to its place of business; that he stopped on the drive-way arranged for business guests of the defendant; that the drive-way was in front of the concrete service platform which extended out from the main building in the manner of a porch; that the level of such service platform is approximately six inches above the level of the drive-way; that he brought his bicycle parallel with the front of said. service platform, about one foot from it, and remained on his bicycle, with his feet resting on the drive-way. A metal stand with three shelves from which hung various bottles of beverages, bottled by the Nehi Bottling Company, and "among which was a bottle, or, bottles of Par-T-Pak Ginger Ale, was on the platform immediately in front of plaintiff's bicycle, and about eight or nine inches back of the front line of the service platform. That he turned his face toward the main building, and, suddenly, while his face was so turned, one of the bottles of Par-T-Pak Ginger Ale, which hung on a shelf of the metal stand, exploded, and one of the fragments struck him in the arm, and another in his left eye," which destroyed its sight.

That neither he, nor his bicycle, touched the metal stand, nor the bottles, nor did he do any act that caused the bottle to explode.

That the defendant, Owens-Illinois Glass Company, manufactured the bottle which exploded, and that its manufacturer was negligent. That the Nehi Bottling Company filled the bottle with a carbonated fluid, negligently. That the City Ice Delivery Company handled it negligently. That the three defendants are in possession of the particulars regarding such negligent manufacture, bottling, distribution, and handling. That he intends to rely upon the doctrine of res ipsa loquitur.

The plaintiff then pleads in the alternative, the failure of the defendants individually, and, jointly, to exercise ordinary care in the respect that, the defendant, Owens-Illinois Glass Company was negligent in the manufacture of the bottle; that the defendant, Nehi Bottling Company, was negligent in the failure to exercise ordinary care in using, filling, and selling a defective bottle, and in other respects therein set out.. - "That the negligence of each of the defendants in the one, or, more foregoing respects, acting alone, or, concurring in the negligence of the other, approximately caused the injuries and damages sustained by the plaintiff."

He then pleads that upon numerous other occasions beverages bottled by the defendant, Nehi Bottling Company, had exploded. That it knew of those occurrences, and in spite of such knowledge, failed to change its method of bottling, or, to otherwise change its method, and continued to purchase bottles from the defendant, Owens-Illinois Glass Company, and failed to warn its retail dealers of its exploding bottles, or, to warn the public generally.

A motion was made by the maker of the bottles, on November 6th, on November 8th, by the seller of the bottles, and on November 17th, by the Ice Company, for summary judgment.

Appropriate notices were given of those motions under Rule 56, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c. After such notices, the plaintiff took depositions.

It is contended by the defendants that the purpose of Rule 56 is that the court now act on these motions for summary judgment, as though the plaintiff had presented his case to a jury and rested; that the presentment by them of affirmative defenses, to-wit, that the plaintiff himself, or, his bicycle, fell against the case of bottles and thereby caused the explosion, is immaterial, so far as this procedure is concerned, and that the pleading by one of the defendants against another one of the defendants, is, likewise, immaterial.

Upon the claim of the plaintiff that the defendants are liable under the doctrine of res ipsa loquitur, the court holds with the defendants, since it seems that the attempt to tie together the acts of the three different defendants who, through their agents, handled the exploding receptacle, is, itself, an answer to the attempt to plead that cause for liability.

The doctrine is restricted in its application to cases where the defendant had exclusive control of the thing which caused the injury, the party injured was without fault, and the injury was such as in the ordinary course of things would not have occurred if a person having control had used proper care. The case here plead complains of the manufacturer, the bottler, and the displaying seller, three different entities.

Under the alternative plea, there is a general statement of the negligence of the three defendants, but the particularization of such negligence operates only against the maker of the bottles and the filler thereof. There is no description of any negligent act, under this alternative plea, by the City Ice Delivery Company, which was the distributor and displayer of the bottles.

The attorney for the plaintiff has advised the court that he intends to rely upon the doctrine of res ipsa loquitur. He has asked no further time to develop his alternative plea of alleged negligence, other than to suggest that the cause might be carried over regularly for trial, since a jury has been requested, and after the evidence has been developed, that the court then rule the case.

Upon first blush, that was the thought of the court. That thought was somewhat italicized by the pleading of the defendants, which, if believed by a jury, could settle the case without going into the feature raised by the plaintiff. Upon maturer thought, I believe the purpose of the rule was to force parties, when notices were given under it, to present their cause in answer thereto.

That course has been followed here and no further time is requested for exposing any other testimony.

Rule 12 deals with judgment on the pleadings. Rule 56, the one under

which we are now proceeding, authorizes judgment, forthwith, "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except, as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This rule operates for both sides. (Subdivisions (b) and (c). Its usefulness was established in state and English courts, before the adoption of our rules of civil procedure. In this case, the testimony of the plaintiff fails to make a case, and the motions must be granted.