## MYRTLE B. POPLAR *v.* HOCHSCHILD, KOHN & COMPANY, INC.

[No. 19, January Term, 1942.]

*Decided March 3, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Edward L. Parlett,* with whom were *A. Freeborn Brown* and *Lester H. Crowther* on the brief, for the appellant.

*J. Nicholas Shriver, Jr.,* and *Talbott W. Banks* for the appellee.

COLLINS, J., delivered the opinion of the Court.

Appellant brought an action in the Baltimore City Court against appellee on a declaration containing two counts. A demurrer was filed by the appellee. The first count of the declaration was based on an express warranty and the second count on implied warranty. The court below overruled the demurrer to the first count and sustained it to the second count without leave to amend. Appellant struck out the first count of the declaration by leave of court. Appellant appeals to this

court from the action of the trial court in sustaining the demurrer to the second count.

The count now before us is substantially as follows: "Second: And for that the Defendant owns and operates a Department Store at the corner of Howard and Lexington Streets in the City of Baltimore, State of Maryland, and on or about December 21, 1940, said Defendant sold and delivered to the Plaintiff, and charged to her account a box or set of perfume, powder, and other toilet articles, for her own use, at and for the sum of $7.50; *that the Defendant, through its agents, servants, and employees, knew the particular purpose for which said set and the box containing the same were to be used, namely for the Plaintiff's toilet and beautifying purposes;* that the Defendant impliedly warranted to the Plaintiff that the aforementioned set and the box containing the same were well made, that it was safe to handle and use the same in the usual and customary way that such an article is handled and used, that it would not harm or injure the Plaintiff in handling the said set or box, or using the same, and that the said box and set were not dangerous to said Plaintiff in any way; that said warranties were made by the Defendant, its agents, servants, and employees, to induce the Plaintiff to purchase said set and box, and in purchasing the same as before mentioned the Plaintiff relied upon the warranties as aforesaid, and the skill and judgment of the Defendant, its agents, servants, and employees; that subsequently the Plaintiff while handling and in the act of opening the lid or top of said box containing said set in the usual, ordinary and customary manner, pierced or cut the large or middle finger on her right hand with a large metal star affixed to said top or lid of said box; that said set and box were not as impliedly warranted as aforesaid by the Defendant to the Plaintiff, in that on the said box were affixed, attached, fastened or glued two large metal stars, the points of which were sharp and dangerous, and which said stars were so composed, constructed and affixed that they were dangerous to anyone handling

or using said box or set of perfume, powder, and other toilet articles, in the customary and usual manner; that the Plaintiff notified the Defendant of the aforesaid breach of said warranties within a reasonable time after discovering the same; that as a result of the breach of warranties as aforesaid and the before mentioned defects or dangerous condition of said box and set, the Plaintiff pierced or cut the large or middle finger on her right hand with one of said metal stars affixed to said top or lid of said box, all as set forth above, and as a result thereof * * *." The italics are inserted here.

The question for our decision is whether the sale by appellee to appellant of a box of perfume or powder for her own use, which the appellee knew was to be used by the appellant for appellant's toilet and beautifying purposes, under the Uniform Sales Act, created an implied warranty which extended to the carton or box in which the powder was packed. The part of the Uniform Sales Act which appellant contends applies to the container is Subsection (1) of Section 33 of Article 83, Code, 1939, which is as follows: "Subject to the provisions of this sub-title and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows: (1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose." Appellant contends that the perfume was purchased not only for its quality and usefulness, but also because it came in a beautiful box, highly decorated, which made the cost more than if the powder had been in an ordinary container and that appellant would not have bought the box of powder at that price except for the box and that the box would remain as a source of beauty as long as its contents lasted and could then be

used for other purposes. The declaration filed in the case does not so state. The only purpose for which the sale was made, according to the knowledge of the appellee, as alleged in the declaration, was for toilet and beautifying purposes. It is not alleged or contended that the powder caused any injury. The established rule is that the action cannot be maintained on the theory of an implied warranty where there is no privity of contract. *Flaccomio v. Eysink*, 129 Md. 367, 379, 100 A. 510. In the absence of proof of a contrary intention, unless it is shown that the appellant expressly or by implication made known to the appellee the particular purpose for which the purchase was made and it appears that the appellant relied on appellee's skill and judgment, there was no implied warranty that the purchase would be used for any other purpose. Code, 1939, Art. 83, Secs. 34 and 36; *King v. Gaver*, 176 Md. 76, 3 A. 2d 863. This court said in that case, at page 81 of 176 Md., at page 865 of 3 A. 2d: "And in the absence of proof of a contrary intention, unless it is shown that the buyer expressly, or by implication, made known to the seller the particular purpose for which the heifers were purchased, and it appears that the buyer relied on the seller's skill and judgment, there was no implied warranty that the heifers would be adapted to dairy and breeding purposes." The case of *Crandall v. Stop and Shop, Inc.* (1937), 288 Ill. App. 543, 6 N. E. 2d 685, 689, is singularly in point with the case now before us. In that case an action in contract on breach of an implied warranty was brought by the person who purchased a jar of fruit salad. When opening the jar the purchaser was injured when the spring clamp holding the top of said jar suddenly flew up and struck her in the eye. In that case the court held that the implied warranty of the fitness and quality of the contents of the jar did not extend to the jar or to the cap sealing it and held: "While the conclusion to be reached from the decisions cited in counsels' brief is that there may be an implied warranty as to the wholesomeness of food products, it does not logic-

ally follow that this theory of recovery should be extended to containers in which the food is packed and under the circumstances of this case we hold that there was no such warranty as to furnish the basis for the judgment entered in favor of plaintiff."

As a further ground of our decision, it must be noted that Subsection (3) of Section 33, Article 83, *supra,* provides: "If the buyer has examined the goods, there is no implied warranty as regards defects which such examination ought to have revealed." According to the allegations of the declaration, the large metal stars were fixed to the top or lid of said box. There is no implied warranty in regard to defects which such examination ought to have shown. *King v. Gaver, supra.* From the allegations in the declaration this was not a latent defect or one that was concealed. Appellant stresses the cases of *Haller v. Rudmann,* 249 App. Div. 831, 292 N. Y. S. 586; and *Cooper v. Newman,* City Ct. 1939, 11 N. Y. S. 2d 319, wherein recovery was obtained, but in those cases the basis of allowing plaintiff to recover was because the defect was latent at the time of the sale. He also relies on the case of *Geddling v. March,* 1 K. B. (1920), 668. In that case the defect was concealed, although the case was not decided on that point. He cites the case of *Morelli v. Fitch & Gibbons,* L. R. (1928), 2 K. B. 636. In that case the defect was latent and concealed and the decision was based partly on that point.

It was, of course, the duty of the appellee to conduct his business so as not to knowingly or negligently expose others to injury and if an injury is sustained in consequence of a violation of that duty without the negligence of the party contributing thereto, the appellee may be guilty in tort. *Goldman & Freiman Bottling Co., Inc., v. Edwin Sindell,* 140 Md. 488, 117 A. 866; *Flaccomio v. Eysink, supra,* 129 Md. 381, 100 A. 510; *Armour & Co. v. Leasure,* 177 Md. 393, 9 A. 2d 572; *State v. Consolidated Gas, Electric Light & Power Co.,* 146 Md. 390, 126 A. 105, 42 *A. L. R.* 1237. "Neither the above cases, nor the form of action employed in them, are the same

as the case at bar, but these cases show the decided tendency in our State in dealing with cases of this character, not under the theory of contract, implied warranty and insurer, but under the theory of the want of due care and negligence." *Childs Dining Hall Co. v. Swingler,* 173 Md. 490, 503, 197 A. 105, 111. The demurrer was properly sustained.

*Judgment on demurrer affirmed, costs to be paid by appellant.*