Vivien **LEHMAN** and David Lehman,
Appellants,

v.

The **GREAT ATLANTIC & PACIFIC TEA COMPANY**, Appellee.

No. 2026.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 26, 1957.

Decided Nov. 25, 1957.

Donald Cefaratti, Jr., Washington, D. C., with whom W. E. Cumberland, Washington, D. C., was on the brief, for appellants.

Allan C. Swingle, Washington, D. C., for appellee. William T. Clague, Washington, D. C., also entered an appearance for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

Mrs. Lehman and her husband appeal from an adverse judgment in an action by them for damages resulting from injuries sustained by her from a fall in one of appellee's stores. According to her testimony and the findings of the trial court, she entered the store to purchase a quart of milk and some other articles, and after obtaining the milk at the dairy counter she turned, took two or three steps and then fell over an empty wire milk crate. This crate was approximately one foot square and ten or twelve inches high and would hold twelve cartons of milk. It was directly at the end of the display counter and projected into the aisle. It was not seen by the customer until she had fallen, but she had seen two stacks of filled crates in the side aisle adjacent to the display counter and in line with the empty crate over which she fell. The only witness testifying to the happening of the accident was the customer and she offered no direct evidence concerning who placed the crate there or how long it had been there.

When plaintiffs' case was closed defendant moved for a finding in its favor, and when this motion was denied defendant rested without offering any evidence. The trial court made findings of fact, substantially as above recited, and conclusions of law. This appeal questions the correctness of the following conclusion of law: "There being no evidence to indicate how the milk crate had been brought there, or how long it had been there, no inference may be drawn that it had been there long enough to have enabled defendant to discover and remove it by the exercise of ordinary care."

■ The accident occurred in appellee's store at Annapolis, Maryland, and consequently the case is controlled by the law of Maryland. Generally, the law there with respect to the duty owed a customer by the proprietor of a store is the same as elsewhere. In the recent case of Rawls v. Hochschild, Kohn & Co., Inc., 1955, 207 Md. 113, 113 A.2d 405, 407, 408, we find the following propositions which appear to summarize the law on the subject:

(1) "It is the law in Maryland, as in other States, that the proprietor of a store owes a duty to his customers to exercise ordinary care to keep the premises in a reasonably safe condition, and will be liable for injuries sustained in consequence of a failure to do so."

(2) "However, the proprietor of a store is not an insurer of his customers.

while they are on the premises, and no presumption of negligence on the part of the proprietor arises merely from a showing that an injury was sustained in his store. To recover in an action for damages, the plaintiff must show that the defendant was guilty of negligence which produced the particular injury alleged."

(3) "It is true that direct proof of negligence is not necessary. Like any other fact, negligence may be established by the proof of circumstances from which its existence may be inferred. But this inference must, after all, be a legitimate inference and not a mere speculation or conjecture. There must be a logical relation and connection between the circumstances proved and the conclusion sought to be adduced from them."

(4) "In an action by a customer to recover damages resulting from a fall in a store caused by a foreign substance on the floor or stairway, the burden is on the customer to produce evidence that the storekeeper created the dangerous condition or had actual constructive knowledge of its existence. This burden is not met if it appears that the injuries resulted either from the defendant's negligence or from some independent cause, for the existence of which the defendant is not responsible, unless the plaintiff excludes the independent cause as the proximate cause of the injuries."

Neither party here contests the soundness of the foregoing propositions. The controversy relates to the proper application of the fourth proposition to this case. We do not understand plaintiffs to claim that their evidence would support a finding that, regardless of who put the crate there, it had been in that place for such a length of time as to warrant an inference of actual or constructive notice on the part of the store. Their claim is that the evidence would warrant an inference that the crate was placed there by an employee of the store, i. e., that the storekeeper created the dangerous condition.

 The Maryland decisions recognize the rule that the trier of facts is entitled to draw reasonable inferences; [1] and we think it cannot be ruled as a matter of law that on the evidence here the trier of facts could not reasonably . infer that this empty milk crate was placed in its position by an employee of the store. The crate was not a piece of merchandise which customers ordinarily handle; nor was it a substance or object which a customer might bring into the store inadvertently or otherwise. In other words, this is not a case of a spot of grease or a piece of vegetable on the floor. Here is a case of a piece of store equipment for use by employees of the store, with no showing that customers ordinarily handled such equipment or had occasion for so doing. The stacks of filled crates would certainly raise the strongest kind of inference that a store employee placed them in their position, and it would not be an unreasonable inference that the empty crate near the stacks was also placed there by an employee.

Of course it is possible that the crate was placed in its position by a customer, a child, or some other person for whose act the store would not be responsible. Does this possibility bring the case within the rule stated in the above-quoted fourth proposition that if the evidence shows the injury was caused either by defendant's negligence or by some cause for which defendant is not responsible, plaintiff has not carried the burden of proof? This rule was stated in Moore v. American Stores Co., 169 Md. 541, 182 A. 436, 439, in the following manner:

1. See O'Neill & Co. v. Crummitt, 172 Md. 53, 190 A. 763, 767, with its reference to the "not unreasonable inference which the jury could have drawn;" and Moore v. American Stores Co., 169 Md. 541, 182 A. 436, 440, with its reference to "an inference, not wholly unreasonable."

"That burden is not met by proof furnished by the plaintiff that defendant's negligence may have caused the injuries, or even that it probably did cause it, if it also appears from the same source, that the injuries may have been produced by some other cause for which he was not responsible."

This rule, as we understand it, is merely another version of the oft-quoted rule announced by Taft, Circuit Judge, in Ewing v. Goode, C.C., 78 F. 442, 444, that: "When a plaintiff produces evidence that is consistent with an hypothesis that the defendant is not negligent, and also with one that he is, his proof tends to establish neither." [2]

That rule, we think, is applicable only where the evidence tends to prove equally one of two things, but does not apply if the evidence tends more strongly and logically to prove one. In the first instance, a choice between two equally probable causes would necessarily rest on sheer conjecture; but, in the second instance, reason would lead to the more logical choice. Thus it was recently said in Great Atlantic & Pacific Tea Co. v. Adams, 213 Md. 521, 132 A.2d 484, 488:

"The same principles as to proof apply whether the plaintiff is attempting to prove negligence or to prove the breach of an implied warranty. If the plaintiff's own evidence shows two *equally* possible causes, for one of

which the defendant would not be responsible, he cannot recover." (Italics supplied.)

■ In the present case it is our conclusion that it would be permissible for the trier of facts to find, because of the nature and position of the crate, that it was placed by an employee of the store rather than by someone for whom the store would not be responsible. Accordingly it was error to hold as a matter of law that there was no evidence indicating how the crate was placed in the position which caused plaintiff to fall. Of course, a mere finding that the crate was placed in its position by an employee of the store would not necessarily entitle plaintiffs to recover. There would still remain a question of fact whether placing it there, or permitting it to remain there, "was consistent with due care." Chalmers v. Great Atlantic & Pacific Tea Co., 172 Md. 552, 192 A. 419, 422.

■ Finally, we add that although we have treated all questions in this case as controlled by Maryland law, and of course the substantive rights of the parties are so controlled, the question of whether plaintiffs' evidence would permit a finding in their favor appears to be controlled by the law of the forum, i. e., the District of Columbia.[3] However, we reach the same conclusion under either Maryland or District of Columbia law.[4]

Reversed with instructions to grant a new trial.

---

2. This rule was quoted by the Supreme Court in Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720, and by this court in Fliss v. Reliable Construction & Realty Co., D.C.Mun.App., 31 A.2d 655, 656.

3. "The law applicable to the case, so far as it concerns the standard of conduct required of the parties, is the law of the place of injury, hence, the law of Pennsylvania; but the application of the standard must be made according to the law of the forum for that is a procedural matter. Consequently, the question

whether there is sufficient evidence to take the case to the jury must be determined according to the law of the District of Columbia." Tobin v. Pennsylvania R. Co., 69 App.D.C. 262, 263, 100 F.2d 435, 436, certiorari denied 306 U.S. 640, 59 S.Ct. 488, 83 L.Ed. 1040.

4. We are aware of the fact that our decision may be contrary to some decisions in other jurisdictions. See, e. g., McDonough v. Newmans Cloak & Suit Co., 247 Minn. 250, 77 N.W.2d 59; Sherlock v. Strouss-Hirshberg Co., 132 Ohio St. 35, 4 N.E.2d 912.