Monica J. ATWELL, Appellant,

v.

PEPSI–COLA BOTTLING COMPANY OF WASHINGTON, D. C., a body corporate, and The Great Atlantic and Pacific Tea Company, a body corporate, Appellees.

No. 2288.

Municipal Court of Appeals for the District of Columbia.

Argued March 23, 1959.

Decided June 23, 1959.

Earl H. Davis, Washington, D. C., with whom Dorsey K. Offutt, Washington, D. C., was on the brief, for appellant.

Frank J. Martell, Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee Pepsi-Cola Bottling Company of Washington, D. C., Inc.

Francis L. Casey, Jr., Washington, D. C., for appellee The Great Atlantic and Pacific Tea Company, Inc.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant entered appellee Great Atlantic and Pacific Tea Company's self-service store in Silver Spring, Maryland, to purchase groceries. She selected a six-bottle carton of Pepsi-Colas from a display shelf and placed it on the bottom part of her shopping cart. All other purchases were put in the top part of the cart. After completing her marketing, she pushed her cart to the check-out counter and began unloading her groceries on the counter. According to her testimony, she picked up the carton of Pepsi-Colas from the bottom part of the cart and placed it on the counter. She stated that the bottles had not come in contact with anything from the time she removed them from the display shelf until she placed them on the check-out counter. While the carton was on the counter, one of the bottles exploded and appellant was cut on the palm of her left hand and left ankle by pieces of flying glass.

Appellant brought this suit against appellee Pepsi-Cola Bottling Company as the manufacturer and appellee A & P as the retailer of the product which caused her injury. She charged breach of warranty and negligence on the part of both defendants. Trial was to a jury. While appellant has not furnished this court with a record of her counsel's opening statement, it appears that at the conclusion of that opening statement, a verdict was directed in favor of Pepsi-Cola only on the count alleging breach of warranty. Further, according to the docket entries, a verdict was apparently directed in favor of both defendants on the remaining counts at the conclusion of appellant's evidence, although again appellant has failed to supply us with a transcript of the hearing and ruling on such motions. This appeal mainly questions the correctness of these rulings.

■ We will consider first the count alleging breach of warranty. As to the ruling in Pepsi-Cola's favor on this point at the conclusion of the opening statement of appellant's counsel, it is obvious that we cannot review it since we do not have that statement before us. However, from what meager information we have, it appears that the holding was correct, for under Maryland law, which controls this case, there are no warranties between manufacturer and ultimate purchaser because of a lack of privity.[1]

■ A & P contends that it is not liable on the theory of breach of an implied warranty of either fitness or merchantability because appellant had not as yet paid for the Pepsi-Colas when the accident occurred, and consequently title has not passed, and there was no sale, citing Lasky v. Economy Grocery Stores, 1946, 319 Mass.

---

1. Flaccomio v. Eysink, 1916, 120 Md. 307, 100 A. 510; Vaccarino v. Cozzubo, 1943, 181 Md. 614, 31 A.2d 316.

224, 65 N.E.2d 305, 163 A.L.R. 235. As far as we can determine, Maryland has not ruled on this question. However, even assuming without deciding that there was a sale, we do not believe appellant's evidence disclosed any breach of warranty. In appellant's complaint and also at pretrial, it appears that she was contending that the breach of warranty consisted of a defect or an unsafe condition in the bottle. The sum total of her evidence on the issue of liability was her own testimony which we have detailed above, and we do not think that she made any showing in support of her allegations.[2] Even assuming there was, it is clear that under Maryland law implied warranties extend only to the contents and not to the container.[3] Therefore, the court was correct in directing a verdict for A & P on the breach of warranty charge.

 We also believe that appellant's evidence of negligence was insufficient to present a jury question with respect to both defendants. As is usual in these cases, appellant could not prove specific acts of negligence, and accordingly she relied on *res ipsa loquitur*. In Canada Dry Ginger Ale Co. v. Jochum, D.C.Mun.App.1945, 43 A.2d 42, we held the doctrine applicable to "exploding bottle" cases.[4] We pointed out there that even though the bottle had passed into the plaintiff's possession, the plaintiff could still satisfy the doctrine's requirement that the defendant must have exclusive control or management of the thing causing the injury, by showing that he himself had not mishandled the bottle in any way, and that it had not been mis-handled by anyone else through whose hands it had passed. Appellant's evidence here does not meet this standard. It is true that her testimony would support a finding that she herself had not mishandled the bottles from the time she removed them from the display shelf until she placed them on the check-out counter. However, we know nothing of what happened to the bottles prior to that time. Since A & P was only the retailer and not the bottler of the Pepsi-Colas, it seems plain that it did not have the exclusive control which would warrant application of the doctrine to it.[5] As for Pepsi-Cola, there is no evidence to show what became of the bottles from the time they were delivered to A & P until they were picked up by appellant. As we indicated in the Jochum case, it is not necessary for the plaintiff to trace each and every movement of the bottles. We held the evidence in Jochum sufficient which merely showed that upon delivery, the retailer stored the bottles in protective wooden containers in his basement where they were not touched; that each day a day's supply was brought up and placed in a refrigerator, and that it was one of these bottles that was delivered to the plaintiff. It is apparent then that the requirement is not rigorous, but nonetheless, there must be some evidence of this sort. Here there is absolutely nothing; the first time these bottles appear on the scene is when appellant removed them from the display shelf. Therefore, we think the doctrine was inapplicable to either defendant,[6] and a verdict was properly directed in their favor.

Affirmed.

2. See Trust v. Arden Farms Company, 1958, 50 Cal.2d 217, 324 P.2d 583, 586.

3. Poplar v. Hochschild, Kohn & Co., 1942, 180 Md. 389, 24 A.2d 783.

4. See the annotation, 4 A.L.R.2d 466.

5. Noonan v. Great Atlantic & Pacific Tea Co., 1927, 104 N.J.L. 136, 139 A. 9, 56 A.L.R. 590; see also the annotation, supra, note 4, 4 A.L.R.2d at page 482.

6. Appellant in effect contends that the doctrine is applicable against both ap-pellees; that it was the duty of each appellee to come forward with proof that it was free from negligence; and that she should be relieved of her burden of showing that the accident was more probably the fault of one than the other. This might be true if appellees' possession of the bottles was joint, but it was not; it was successive. But see, Loch v. Confair, 1953, 372 Pa. 212, 93 A.2d 451; 2 Harper & James, Torts, § 19.7, pp. 1088–89 (1956).