JOFFRE *v.* CANADA DRY GINGER ALE, INC., ET AL.

[No. 116, September Term, 1959.]

2

*Decided March 14, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Warren E. Miller,* with whom was *Gene R. Arnold* on the brief, for appellant.

*Joseph B. Simpson, Jr.,* with whom were *Simpson & Simpson, Vivian V. Simpson* and *H. Algire McFaul* on the brief, for the appellee, Canada Dry Ginger Ale, Inc.

*Richard B. Latham,* with whom were *McInerney & Latham* and *John M. McInerney* on the brief, for the other appellee, Midtown Delicatessen and Restaurant.

HAMMOND, J., delivered the opinion of the Court.

Appellant, Miss Marie Jane Joffre, then a lieutenant in the Navy, had her Achilles tendon severed by a fragment of glass from a Canada Dry club soda bottle which shattered in a delicatessen store in the City of Washington, D. C. She sued the bottler of the Canada Dry sparkling water and the delicatessen in the Circuit Court for Montgomery County. At the conclusion of the plaintiff's case the trial judge directed a verdict for both defendants, and the appeal is from the judgments for costs that followed.

The negligence claimed of the bottler is the placing on the market of a product designed for purchase in the original package without making that package safe against reasonably-to-be-anticipated variations in temperature and hazards of handling, and that the bottle was defective or the pressure within it excessive. As to the delicatessen it is alleged it was negligent in failing to so locate and guard the bottle as to prevent injury to customers, knowing it might explode. At the trial and in this Court plaintiff relied on *res ipsa loquitur* as entitling her to have the jury pass on her claim. The delica-

tessen argues, *inter alia,* that having pleaded specific acts of negligence, plaintiff cannot rely on *res ipsa.*

In Maryland similar contentions have been rejected. *State v. Prince George's County,* 207 Md. 91, 103-104. In the District of Columbia, since the adoption of the Federal Rules of Civil Procedure, rule 8 (e) (2), statements of claims may be made alternatively or hypothetically. *McGhee v. United States* (S. D. N. Y.), 75 F. Supp. 76; *Smith v. Pennsylvania Central Airlines Corp.* (D. D. C.), 76 F. Supp. 940.

The proof was that in November, 1955, the bottler delivered fifty cases of assorted carbonated beverages to the delicatessen. Employees of the bottler built up from the floor a display of six-bottle cartons five or six feet long and about five feet high. Sheets of cardboard were put between layers of the cartons. Customers helped themselves from the display and as a layer was sold, the delicatessen employees removed the cardboard, leaving the layer beneath available for sale. The accident occurred on January 22, 1956, and by then the display was down to a layer in front and two layers toward the back. No Canada Dry products had been delivered by the bottler between November and the day of the accident. On that day, Miss Joffre with a friend, Miss Stegun, went shopping in the delicatessen. They passed the bottle display twice, coming in and going out. The passageway was five or six feet wide; the floor, asphalt tile. After passing the bottles on the way out, Miss Joffre stopped to look at some sesame seeds at a point two or three feet past the bottles, and then, turned to follow her companion, took a few steps, heard a noise which she characterized as an "explosion" and fell. She gave a history at the Naval Hospital and agrees that it said: "The patient was in a grocery store when a carton of carbonated drinks fell and a bottle shattered." In her testimony she did not know whether the bottle exploded and fell or fell and then shattered. She estimated the elapsed time from the beginning of the walk past the bottle display to the hearing of the noise as ten or twelve seconds. Miss Stegun did not say that she heard any noise. The delicatessen manager heard a commotion. He found one carton "pulled off" the last layer. It was "the last package standing on top of it. * * *. That was pulled off from

the corner." Five unbroken bottles and one broken one were on the floor. Liquid from the broken bottle was about a foot from where Miss Joffre was. There were other customers in the general area of Miss Joffre and her friend as they walked by the bottle display.

Miss Joffre, on this testimony, urges that *rès ipsa loquitur* enables her to go to the jury, under both the District of Columbia and the Maryland law. The trial judge, applying the District law, found no evidence or permissible inference of negligence sufficient to support a finding of 'negligence.

Neither the plaintiff nor either defendant gave notice of intent to rely on the District of Columbia law as the Uniform Judicial Notice of Foreign Law Act, Code (1957), Art. 35, Secs. 47-53, requires if the court is to take judicial notice of foreign law. The parties agree, however, that there was at least a tacit assumption that the substantive law of the District would control and that the trial court acted on that assumption. As in *Staley v. Safe Deposit & Trust Co.*, 189 Md. 447, 454, in a similar situation, "We shall act accordingly."

Miss Joffre contends that the sufficiency of the evidence is to be tested by the District law and that there a plaintiff may raise an inference of negligence by showing the happening of an accident under circumstances like those of the case before us and that the old rule (that if the facts give equal support to two or more inconsistent inferences, one of which is consistent with the negligence of the defendant and the other or others are not, the proof tends to establish neither) has been supplanted in the Federal Courts by a rule that in event of conflicting inferences it is for the jury to determine which inference to deduce, and the jury has a right to draw either one.

In *Preston v. Safeway Stores,* 163 F. Supp. 749, Judge Holtzoff in the District Court for the District of Columbia said, that *Lavender v. Kurn,* 327 U. S. 645, 90 L. Ed. 916, had overruled, for the Federal Courts, the earlier doctrine that if evidence is capable of either of two inferences, it cannot be deemed to support either, and made the question in

such cases one for the jury. However, in *Lehman v. Great Atlantic & Pacific Tea Co.* (D. C. Mun. App.), 136 A. 2d 397, 400, where the injury occurred in Maryland, the Court applied the substantive law of Maryland and the law of the District as to whether the plaintiff's evidence permitted a finding in his favor, saying that the old rule does not apply if the evidence tends more strongly and logically to prove one of two possible inferences. In two exploding bottle cases, the Municipal Court of Appeals for the District turned the matter of the bottler's liability on whether the plaintiff could satisfy the doctrine of *res ipsa loquitur* by showing that the bottle had not been mishandled after it left the bottler's possession. In *Canada Dry Ginger Ale Co. v. Jochum* (D. C. Mun. App.), 43 A. 2d 42, it found satisfactory evidence of no subsequent mishandling. In *Atwell v. Pepsi-Cola Bottling Co. of Washington, D. C.* (D. C. Mun. App.), 152 A. 2d 196, it said *res ipsa loquitur* was inapplicable, and the case should not go to the jury because, although the plaintiff showed she did not mishandle the bottle, it was not shown what happened to it after it left the bottler, and the necessity of showing exclusive control had not been met either as to the bottler or the retailer.

We are far from persuaded that the result of the case would be different under the District law from its result under Maryland law, and it seems obvious if, indeed, it is not conceded, that the standards of care required of both the bottler and the retailer are the same in both jurisdictions. We agree with the defendants that Maryland law controls as to the inferences to be drawn from the evidence and the sufficiency of the evidence and the inferences from it to go to the jury.

In *Bohlen v. Glenn L. Martin Co.,* 193 Md. 454, 461, we said: "The doctrine *res ipsa loquitur* is not a rule of pleading. It relates to burden of proof and sufficiency of evidence." Judge Markell said for the Court in *Livingston v. Stewart & Co.,* 194 Md. 155, 160: "If the 'presumption' of negligence in *res ipsa loquitur* cases is ever more than an inference from circumstantial evidence (which Mr. Roszel C. Thomsen says is not a true presumption, *Presumptions and Burden of Proof in Res Ipsa Loquitur Cases in Maryland,* 3 Maryland Law

Review 285, 288), the usual operation of the doctrine is to support an inference from circumstantial evidence, based on probability."

In *Lee v. Housing Authority of Baltimore City,* 203 Md. 453, 461, Judge Henderson pointed out for the Court, speaking of *res ipsa,* that "Wigmore treats the concept as a 'presumption of culpability' arising from particular facts. 9 Wigmore, *Evidence* (3rd Ed.), Sec. 2509. Prosser deals with it under the head of circumstantial evidence giving rise to an inference of negligence. Prosser, *Torts,* Sec. 43."

The general rule is stated in Restatement, *Conflicts,* Sec. 595(2): "The law of the forum governs presumptions and inferences to be drawn from evidence." In instances of conclusive presumptions (which usually amount to legislative expressions of substantive law), or where the requirement of the place of injury is there interpreted as a condition of the cause of action itself, the forum will apply the foreign law on the theory that the remedial and substantive portions of that law are so intertwined that the application of the local rule would alter the effect of the operative facts under the foreign law. See *Buhler v. Maddison* (Utah), 176 P. 2d 118; 168 A.L.R. 177; and Annotation: 168 A.L.R. 191, 192, supplementing Annotation in 78 A.L.R. 883. On another aspect of the problem, see Annotation in 89 A.L.R. 1278, supplemented in 149 A.L.R. 775.

The decisions have usually agreed, both before the publication of the Restatement and since, that the sufficiency of evidence and the permissibility of inferences are to be determined by the law of the forum, generally[1] and in *res ipsa loquitur* situations.[2]

---

1. *Helton v. Alabama Midland Railway Co.* (Ala.), 12 So. 276; *Richmond & D. R. Co. v. Mitchell* (Ga.), 18 S. E. 290; *Peterson v. Boston & M. R. R.* (Mass.), 36 N. E. 2d 701; *Tobin v. Pennsylvania R. Co.* (D. C. App.), 100 F. 2d 435; *Herr v. Holohan* (D. Md.), 131 F. Supp. 777, 780; *Foley v. Pittsburgh-Des Moines Co.* (Pa.), 68 A. 2d 517, 521; *Rowe v. Pennsylvania Greyhound Lines* (2d Cir.), 231 F. 2d 922; *Boland v. Love* (D. C. Ct. App.), 222 F. 2d 27; *Lehman v. Great Atlantic & Pacific Tea Co.* (D. C. Mun. App.), 136 A. 2d 397; *Pfingsten v. Westenhaver* (Cal.), 244 P. 2d 395, 399.

2. *Childress v. Johnson Motor Lines* (N. C.), 70 S. E. 2d 558, 560;

Since the doctrine of *res ipsa loquitur* deals with the sufficiency of the proof to raise an inference of negligence, it well may in a given case materially affect the right of a plaintiff to recover, as may the application of various rules of evidence in other situations. Nevertheless, we think that while, as in the case before us, the standard of care would appear to be the same in one jurisdiction as the other, the question of whether there is sufficient evidence to raise an inference that the defendant did not conform to that standard should be determined by the law of the forum—by Maryland procedures and rules.

We have little doubt that under such tests Miss Joffre has failed to make a case against either defendant. The Maryland rule is that if plaintiff offers evidence which raises two or more inferences of the cause of the harm (or negligence), for only one of which the defendant is responsible, no cause of action is made out. *Rawls v. Hochschild, Kohn & Co.,* 207 Md. 113, 119; *Wasserman v. Hutzler Brothers Co.,* 219 Md. 310. The test is applicable in situations in which *res ipsa loquitur* may be applicable. *Strasburger v. Vogel,* 103 Md. 85; *Benedick v. Potts,* 88 Md. 52, 55. In such instances the plaintiff must show that the thing that caused the injury was in the exclusive control of the defendant. As pointed out in *Lee v. Housing Authority of Baltimore City,* 203 Md. 453, 462, which we cited above, where *res ipsa* was found inapplicable to the explosion of a heater which had been installed in a housing development for a month or six weeks and as to which there was at least the possibility of access by others, we said: "The element of control has an important bearing as negativing the hypothesis of an intervening cause beyond the defendant's control, * * * Thus it has been held that the inference is not permissible where the plaintiff's testimony tends to show an exculpatory cause * * * or where the lapse of time and the

*International Derrick & Equipment Co. v. Buxbaum* (3rd Cir.), 210 F. 2d 384, 386; *Dodson v. Maddox* (Mo.), 223 S. W. 2d 434, 438; *Estepp v. Norfolk & W. Ry. Co.* (6th Cir.), 192 F. 2d 889; *Atwell v. Pepsi-Cola Bottling Co. of Washington, D. C.* (D. C. Mun. App.), 152 A. 2d 196.

opportunity for interferences by others weakens the probability that the injury is attributable to the defendant's act or omission."

The cases from other jurisdictions which have permitted the inference of negligence of the bottler from the exploding of a bottle most often have been those where the probability of an intervening cause of the breaking has been excluded by the testimony for the plaintiff. Where that probability is not excluded, the courts usually rule that no liability of the bottler has been shown. For example, where the exploding bottle had been kept in a room to which only the retailer had access and due care was shown after delivery to the retailer until the moment of bursting, *res ipsa* was held applicable to the bottler in *MacPherson v. Canada Dry Ginger Ale, Inc.* (Sup. Ct. N. J.), 29 A. 2d 868. The Court distinguished *Dunn v. Hoffman Beverage Co.* (N. J.), 20 A. 2d 352, where the doctrine was held inapplicable because the plaintiff did not exclude other probable causes or show due care in handling after delivery by the bottler. We have noted earlier that the Municipal Court of Appeals for the District of Columbia made the same distinction in the cases of *Canada Dry Ginger Ale Co. v. Jochum* (D. C.), 43 A. 2d 42, and *Atwell v. Pepsi-Cola Bottling Co. of Washington* (D. C.), 152 A. 2d 196. Compare *Benkendorfer v. Garrett* (Tex. Civ. App.), 143 S. W. 2d 1020, in which the exploding bottle had been at the retail store but two days and had not been moved or molested until grasped to be put in the refrigerator when it burst (recovery allowed), with *Kees v. Canada Dry Ginger Ale, Inc.* (Mo. App.), 199 S. W. 2d 76, 79, in which the bottle was in the store from January 28 to March 1 and the Court, in denying recovery against the bottler, noted the bottle could have been dropped, mishandled, tampered with and cracked by employees or customers, and the jury could do no more than guess that it had not been subjected to treatment tending to bring about the explosion resulting in injury, after it left the possession of the bottler. Other cases finding a lack of proof of unchanged conditions after the bottle had left the bottler are *Hughs v. Miami Coca Cola Bottling Co.* (Fla.), 19 So. 2d 862; and *Monroe v. H. G. Hill Stores, Inc.* (La.), 51 So.

2d 645. The cases are collected in an annotation in 4 A.L.R. 2d 466.

In the case before us the testimony on behalf of the plaintiff permitted only speculation as to: (1) whether the bottle exploded and fell, or fell and shattered (the plaintiff's statement at the hospital would indicate the latter); (2) whether the plaintiff or some other customer knocked or brushed the carton to the floor, causing the breaking (the plaintiff's statement that she did not touch the bottle would seem to have meant an intentional touching since her denial of brushing the carton with her coat was that she did not "recall" so brushing it); (3) whether in the months the Canada Dry display had been in the delicatessen the bottle that shattered had or had not been mishandled or cracked by an employee of the delicatessen in working on the display, or by a customer taking off a carton, or hitting the bottle with one of the shopping carts which the testimony showed were in the store, or otherwise. We find the testimony to permit too many inferences of causes for the occurrences for which neither the bottler nor the delicatessen would be responsible to allow the invoking of the doctrine of *res ipsa loquitur* against either.

We are not unmindful that several courts recently have taken the view that the explosion in a store of a bottle of carbonated beverage, without more, requires both the bottler and the retailer to go forward and exonerate themselves from responsibility. These are *Loch v. Confair* (Pa.), 93 A. 2d 451, and *Nichols v. Nold* (Kan.), 258 P. 2d 317. See also *Ferrell v. Royal Crown Bottling Co. of Charleston* (W. Va.), 109 S. E. 2d 489.

We do not say that under adequate evidence for the plaintiff *res ipsa loquitur* would not apply in an exploding bottle case; we merely say that the evidence here was not adequate. We are not prepared to hold, as the three cases last cited in effect held, that the plaintiff's ignorance of, or inability to prove, facts giving rise to a reasonable inference of negligence, can compel the defendant to supply what is needed for recovery.

In *Livingston v. Stewart & Co., supra,* at page 160 of 194 Md., Judge Markell for the Court, noting that in the earliest

reported negligence case in which the expression *res ipsa loquitur* was used—*Byrne v. Boadle* (Ex. 1863), 2 H. & C. 722, 725, 159 Eng. Rep. 299—mention was made of the circumstance that the defendant was presumably in a better position than the plaintiff to know or learn of the facts of the accident, said: "Just what bearing this circumstance has upon the application of the doctrine *res ipsa loquitur* is one of many still mooted questions surrounding that doctrine. Without pursuing the ramifications of the question, it may at least be said that never in Maryland—and seldom, if ever, elsewhere—has it been held that, if the facts do not give rise to a reasonable inference of the defendant's negligence, the plaintiff, who has the burden of proof, can make out a case by proving that he is ignorant of other facts or knows less about them than the defendant."

While we need not decide the question, since the plaintiff's proof was inadequate otherwise, we note, too, that the Pennsylvania and Kansas decisions seemingly invoke the doctrine of *res ipsa loquitur* against multiple defendants not claimed to have been guilty of joint negligence (indeed the proof permitting recovery against the bottler almost necessarily would show the retailer to have been blameless), although generally it has been held that *res ipsa* is not applicable against multiple defendants where it is not shown that their liability was joint or that they were in joint or exclusive control of the injury producing factor, or where the wrongdoer, among several possible, was not identified. *Actiesselskabst Ingrid v. Central R. Co. of New Jersey* (2nd Cir.), 216 F. 72, *cert. denied,* 238 U. S. 615, 59 L. Ed. 1490; *Sanders v. Nehi Bottling Co.* (N. D. Tex.), 30 F. Supp. 332. See cases in Annotation in 38 A.L.R. 2d 905—(Res Ipsa Loquitur—Multiple Defendants).

*Judgments affirmed, with costs.*