George Tilzer, J. P.
Plaintiff retailer who suffered personal injuries when a bottle of Pepsi-Cola exploded in her grocery store, brought an action for damages for breach of the implied warranties of fitness for consumption and of merchantable quality against the bottler and the distributor of the beverage. The jury found in plaintiff’s favor against both the bottler and the distributor in the amount of $1,600 and from the judgment entered thereon defendants appeal.
The appellant bottler or manufacturer contends that since there was no privity of contract between it and the plaintiff, the cause of action in breach of warranty should have been dismissed by the trial court. Moreover, it is submitted, even if privity requirements have been relaxed in favor of a remote purchaser against a manufacturer or source of supply, the law of this State still does not permit such an action based upon implied warranty.
We are thus presented with another “ assault upon the citadel of privity”. As each bastion fell in the past, the attacking forces carried the siege to still another part of the fortification. In Greenberg v. Lorenz (9 N Y 2d 195 [March 2, 1961]), it was held that the implied warranties of fitness and merchantability run from the retailer to members of the purchaser’s household regardless of privity of contract. In Thomas v. Leary (15 A D 2d 438 [4th Dept., Feb. 22, 1962]), the “ trend of liberalization ’ ’ was extended to give a cause of action to an employee of a purchaser against a seller of nonfood products for damages resulting from breach of warranty. And on the very same day that the Fourth Department took a cautious step in relaxation of the rule of strict privity, the Court of Appeals took a giant step in the case of Randy Knitwear v. American Cyanamid Co. (11 N Y 2d 5). The traditional privity limitation was dispensed with in an action for breach of express warranty by a remote purchaser against a manufacturer who induced the purchase by representing the quality of the goods in public advertising and on labels which accompanied the goods.
*476 Is it again the duty of this intermediate appellate court “to recognize the event and to act on it”? (Greenberg v. Lorenz, 12 Misc 2d 883, 887, Hoestadter., J.) We believe it is. Statute law implies warranties in favor of the plaintiff applicable to the container as well as to the product, and compels affirmance of the judgment against her immediate seller, the distributor of the beverage, on the finding that such warranties were breached (Personal Property Law, § 96; Haller v. Rudmann, 249 App. Div. 831). But the “trend of liberalization ”, as we perceive it, has reached a point where we must take a further step and hold that strict liability is now fastened on the manufacturer as to a remote purchaser, and this even in the absence of specific representation concerning the product. The very act of placing a food product on the market is a representation as to its quality and the law will impose strict liability upon the manufacturer to those who purchase his goods. ‘ ‘ In the sale of provisions for domestic use, the vendor is bound to know that they are sound and wholesome, at his peril. This is a principle, not only salutary, but necessary to the preservation of health and life.” (Van Bracklin v. Fonda, 12 Johns. 467 [1815].)
We might add that if there were before us a finding as to the deleteriousness of the product itself, which we hasten to assure the appellants there is not, strict liability would be fastened upon the bottler appellant on the basis of an express warranty. Certainly, few manufactures in today’s “ world of advertising ” make more extensive use of media than does this appellant in calling attention “in glowing terms, to the qualities and virtues of their products ’ ’. Moreover, this advertising is not only directed to the ultimate consumer but ‘ ‘ at some manufacturer or supplier ’ ’, such as the instant plaintiff, ‘ ‘ who is not in privity with them.” (Randy Knitwear v. American Cyanamid Co., supra, pp. 12-13.) Under these circumstances, a jury could properly hold this manufacturer appellant responsible in breach of express warranty for an injury befalling a plaintiff, regardless of the fact that such plaintiff made no contract directly with the manufacturer (Randy Knitwear v. American Cyanamid Co., supra, p. 13). Whether the representations be implied or expressed, in the interest of justice and reason, the law will impose strict liability upon a manufacturer to a remote purchaser of his product.
The judgment should be affirmed, with $25 costs.
Hoestadteb and Capozzoli, JJ., concur.
Judgment affirmed, etc.