Per Curiam.

Even if privity was required to entitle the plaintiff The House of Imperial Chemists, Inc. (Imperial) to recover, there were triable issues whether Imperial had not contracted with the defendant before the plaintiff Security Leasing Company (Security) gave the defendant the purchase order of December 30, 1960 and, if so, whether the purchase o.rder so given constituted a novation. Imperial’s relation to the trans *85 action was close and direct enough to create a triable issue whether, in all the circumstances, Imperial was by the December 30, 1960 purchase order, excluded from participation to such extent as to deprive it of the right to recover for breach of warranty in respect of equipment purchased for it and leased to it for its use. The transaction was sufficiently equivocal to require analysis and resolution by trial, rather than by order for summary judgment of dismissal.
The growing relaxation by the courts of New York of the requirement of privity in actions for breach of warranty, not alone in those to recover for personal injuries (Greenberg v. Lorenz, 9 N Y 2d 195; Addeo v. Metropolitan Bottling Co., 39 Misc 2d 474), but when the suit is to recover damages of the more conventional type as well (Randy Knitwear v. American Cyanamid Co., 11 N Y 2d 5) justifies the view that if Imperial proves the breach of warranty asserted and that it has been damaged thereby, it may not be denied recovery for lack of privity between it and the defendant. The court may anticipate such ruling, just as a Federal court did in a somewhat analogous situation. (Deveny v. Rheem Mfg. Co., 319 F. 2d 124.) If it becomes necessary to determine the possible affect of lack of privity on Imperial’s right of recovery, the question should be resolved only after trial, when the facts have been established upon a full record and not summarily.
Order reversed, with $10 costs, and motion denied.
Concur — Hofstadter, J. P., Gold and Tilzer, JJ.
Order reversed, etc.