Morris H. BLUM

v.

RICHARDSON–MERRELL, INC., a
Delaware corporation.

Civ. A. No. 16203.

United States District Court
D. Maryland.

Sept. 8, 1965.

Noah A. Hillman, Annapolis, Md., for plaintiff.

M. King Hill, Jr., Herbert F. Murray, Baltimore, Md., for defendant.

NORTHROP, District Judge.

■ Defendant Richardson-Merrell, Inc., moves to dismiss plaintiff's amended complaint, which, like his original complaint, pleads an action in warranty without alleging privity between plaintiff and defendant. Bound as I am to follow the substantive law of Maryland,[1] whether defendant's motion should be granted depends upon whether Maryland requires a showing of privity to maintain an action for a breach of warranty.

In Vaccarino v. Cozzubo[2] the Maryland Court of Appeals accepted as well-settled that "an action cannot be maintained on an implied warranty where there is no privity of contract. * * "[3] No case has been brought to the attention of this court which suggests that the rule in Maryland has been altered. Rather, it has been observed that the rule remains in full force. In Atwell v. Pepsi-Cola Bottling Co.,[4] the court stated:

"We will consider first the count alleging breach of warranty. As to the ruling in Pepsi-Cola's favor on this point * * * it appears that the holding was correct, for under Maryland law, which controls this case, there are no warranties between manufacturer and ultimate purchaser because of a lack of privity."[5]

A recent case comment stated that

"In Maryland, as in most states, privity of contract between plaintiff and defendant has conventionally been required in actions based on breach of implied warranties * * *. However, the trend in more recent cases throughout the country has been to

1. Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

2. 181 Md. 614, 31 A.2d 316 (1943). Plaintiff brought suit against a retail grocer to recover damages for breach of an alleged warranty that certain pork sausage was fit for human consumption. Plaintiff's daughter had purchased the sausage at the direction of plaintiff's wife. Defendant's contention that there was no privity between him and the plaintiff was met by the court's finding the wife and daughter to be plaintiff's agents for household or maintenance purposes, in-

cluding the purchase of food. Thus, privity existed between the plaintiff and the defendant.

3. Id. at 616, 31 A.2d at 317. The court cited Poplar v. Hochschild, Kohn & Co., 180 Md. 389, 393, 24 A.2d 783, 785 (1942), wherein it was stated that "[t]he established rule is that the action cannot be maintained on the theory of an implied warranty where there is no privity of contract. * * *"

4. 152 A.2d 196 (D.C.Mun.App.1959).

5. Id. at 197.

hold the manufacturers of food and beverage products and of dangerous instrumentalities strictly liable to the ultimate consumer, especially where the intermediate purchasers act merely as conduits in the distribution chain * * * *Maryland does not seem to have followed the trend toward strict liability* in food and dangerous instrumentality cases, but rather has required the non-privity plaintiff to allege and prove negligence on the part of the manufacturer * * * *."* [6]

This court recognizes that a number of jurisdictions have eliminated the requirement of privity in a warranty action. At the fore is New Jersey, beginning with the landmark case of Henningsen v. Bloomfield Motors,[7] and culminating this past term in Schipper v. Levitt & Sons, Inc.,[8] Santor v. A & M Karagheusian, Inc.,[9] and Cintrone v. Hertz Truck Leasing & Rental Serv.[10]

Within the last few months the Maryland Court of Appeals was given an opportunity to alter the privity requirement. In Woolley v. Uebelhor,[11] involving a rear-end automobile collision, defendant alleged defective brakes and impleaded the Chrysler Corporation. The trial court directed a verdict for Chrysler. Although the court could have stated that privity was no longer required and that a warranty action therefore could be maintained, it disposed of the issue as follows:

"To make Chrysler liable to a user of the highway for a sudden and unanticipated failure of the brakes * * it must have known, or, from facts known to it, realized, that the car was, or was likely to be, dangerous in operation. * * * "[12]

This passage lists as the criterion for liability the "known-or-should-have-known" standard, which is a *negligence*, and not a warranty, standard. Although *Woolley* does not state explicitly that an action for breach of warranty cannot be maintained in the absence of privity, neither that nor any other Maryland case has allowed recovery on a warranty basis in the absence of privity.

This court is aware that the harshness of a strict application of the privity requirement has been slightly alleviated in Maryland. This harshness has not been relieved *directly*, however, by an attack on privity, but has been mitigated *indirectly* through a broadening of agency concepts. In so doing, the formal requirement that there be a showing of privity has been strengthened. For example, in *Vaccarino*, plaintiff had not himself purchased the pork sausage, but still was allowed to maintain an action in warranty by treating his wife and daughter as his agents for this and similar household chores.[13] Such a ruling merely increases the number or scope of those who are in privity with a particular defendant, but does not discard the requirement.

Other courts have been persuaded to remove privity as a bar to a warranty action. I do not doubt that the same considerations of public policy, in relation to modern methods of product distribution, will someday move the Maryland Court of Appeals to do likewise. But the fact remains that as yet it has not done so.

I conclude that under present Maryland law a showing of privity must be made by a plaintiff if he is to prevail in an action for breach of warranty. This being the applicable state law, de-

6. 24 Md.L.Rev. 220, 221 (1964). (Emphasis added.)

7. 32 N.J. 358, 161 A.2d 69, 75 A.L.R.2d 1 (1960).

8. 44 N.J. 70, 207 A.2d 314 (1965).

9. 44 N.J. 52, 207 A.2d 305 (1965).

10. 45 N.J. 434, 212 A.2d 769 (Aug. 4, 1965).

11. 239 Md. 318, 211 A.2d 302 (1965).

12. Id. at 325, 211 A.2d 305.

13. By treating the purchaser (plaintiff's wife) as plaintiff's agent, the court likewise found privity between plaintiff and defendant in Twombley v. Fuller Brush Co., 221 Md. 476, 158 A.2d 110 (1959).

fendant's motion is granted as to Counts I and II, and it therefore is

Ordered this eighth day of September, 1965, that plaintiff's complaint be, and hereby is, dismissed as to Counts I and II, with leave to amend as to Counts III and IV within fifteen days.