## Braccia, Appellant, *v.* Coca-Cola Bottling Company of Philadelphia, Inc.

Argued January 4, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused February 23, 1960.

*E. B. Bergman,* with him *Vincent C. Veldorale, Richard D. Solo,* and *Lipschutz, Solo & Bergman,* for appellant.

*D. Hastings Griffin, Jr.,* with him *Barnes, Dechert, Price, Myers & Rhoads,* for appellee.

OPINION BY MR. JUSTICE BOK, January 18, 1960:

On July 16, 1955, an unusually warm day, defendant delivered a quantity of bottled Coca-Cola to a retail store in Philadelphia. The delivery man put the bottles "right in the middle of the floor there, right on the side of the store", and some time later the retailer put them in his ice-box.

At about six o'clock in the evening of the same day plaintiff-appellant came to the store and bought six bottles. In five or ten minutes he was home with them and in another ten minutes he began to open them and pour their contents into a pitcher. As he was opening the sixth bottle, it made a hissing sound like an explosion, a firecracker, or a muffle (muffler?). The cap flew off the neck of the bottle into the air, and he felt a pinch in his thumb. A sliver of glass from the clinching ring at the lip of the bottle entered his thumb and seriously injured it.

The jury gave plaintiff a verdict, but the court below entered judgment for defendant n.o.v. Its rationale is well set out in the following excerpt from the opinion of President Judge FLOOD: "In the case of Loch v. Confair, 372 Pa. 212 (1953) our Supreme Court took a step to lighten plaintiff's burden of proof in view of the difficulty of establishing the cause of such defect. It held that where plaintiff sued both the manufacturer or bottler and the retailer an inference arose that one or the other of the defendants was negligent when the circumstances negatived any fault on the part of the plaintiff. The burden was then cast upon the manufacturer and the retailer to show how the defect occurred.

"Plaintiff asks us to go a step further. He did not sue the retailer but only the bottler. He asks us to

infer from the testimony that nothing happened to cause this break in the bottle after it left the hands of the bottler. This is an inference which does not arise from the scanty testimony before us. The bottle was left on the floor of the retailer's store in a carton for an indefinite time. We have no evidence how long a time. While the retailer says he did not knock the bottle or damage it, it was left 'in the middle of the floor'. There is no evidence from which we can infer that none of the customers or persons other than Mr. Michaelangelo handled or knocked this bottle. This bottle did not explode immediately upon its delivery to the plaintiff as in Loch v. Confair, supra, and Dillon v. Wm. S. Scull Co., 164 Pa. Super. 365 (1949). Plaintiff took it home and opened it himself and there is at least the possibility that he himself broke the lip of the bottle which cut his thumb. It is true that the question of contributory negligence has been decided in his favor by the jury and therefore it may be said that the jury has also decided that plaintiff was not responsible for the breaking of the bottle and that consequently he has covered to the jury's satisfaction the period from the time he received the bottle from the retailer to the time that his thumb was cut. He has not, however, covered satisfactorily the period during which the bottle was in the retailer's hands. He did not take advantage of the presumption in Loch v. Confair by suing the retailer jointly with the bottler. Here the inference as to the retailer's negligence is equally as strong as the inference that the bottler was negligent. This is not sufficient for a prima facie case. . . .

"We conclude that the jury would have to guess that the break was not caused by an external blow after the bottle left the defendant's hands. There is no direct evidence that it was caused by a defect in manufacturing and there can be no inference of such cause unless the other equally probable cause is elimi-

nated. Since under the evidence it cannot be eliminated, any finding of the jury for the plaintiff must be a mere guess. . . ."

Plaintiff seeks to bridge the gap by the statement of defendant's witness, Dr. Turner, that the fracture pattern of the bottle lip was typical of a break initiated by an external lifting force applied under the clinching ring, "and not by any other cause". If plaintiff adopted the quoted phrase fully, it would put him out of court, since it would mean that no causative force other than his own brought on the trouble. He argues that because of the verdict he is entitled to discard this awkward result and limit Dr. Turner's language to the single idea that no cause of the accident can be ascribed to the retailer alone. But his argument is silent about the further awkward result that the defendant would also be freed of all possible blame. There should be a reasonable limit to the awkward results that appellant should be allowed to avoid in this fashion, considering Dr. Turner's vigorous, ample, uncontradicted testimony specifically eliminating all possible causes, such as bottle defect and over-carbonation, for which defendant might be responsible.

We are unwilling to extend the doctrine of *Loch v. Confair,* under these circumstances, to the case of the plaintiff who sues the bottler alone. Appellant's artifact of evidence is too fragile to carry proof that far.

The judgment is affirmed.

Mr. Justice MUSMANNO dissents.