James E. MARTIN, Appellant,

v.

E. I. duPONT DE NEMOURS & CO., Inc.,
Appellee,

v.

SCHIAVO BROTHERS, INC.

No. 13143.

United States Court of Appeals
Third Circuit.

Argued June 7, 1960.

Decided Aug. 22, 1960.

Louis Mitchell Paul, Philadelphia, Pa.,
for appellant.

Richard E. McDevitt, Philadelphia,
Pa., for duPont; Raymond J. Porreca,
Philadelphia, Pa., for Schiavo, appellees
(Albert S. Shaw, Jr., Philadelphia, Pa.,
John F. Lawless, Wilmington, Del., on
the brief).

Before BIGGS, Chief Judge and
HASTIE and FORMAN, Circuit Judges.

HASTIE, Circuit Judge.

At the trial of this diversity action for negligent personal injury the
district court granted the defendant's
motion under Rule 50, 28 U.S.C.A., for

802.

a directed verdict at the end of plaintiff's case.[1] From the resulting judgment for the defendant the plaintiff has appealed. Also in question is the action of the district judge in denying a new trial sought under Rule 60 on the ground of newly discovered evidence.

Appellant's evidence, principally his own testimony, showed that he suffered a serious second-degree acid burn on his left foot when some of the contents of a steel drum spilled during an unloading operation at a Philadelphia dump.

Appellant was employed by Schiavo Brothers, Inc., a third-party defendant below but not a party to this appeal, as a helper on a truck. Schiavo was engaged as an independent contractor in hauling waste and rubbish from appellee's Philadelphia plant to the dump.

Appellee had enclosed its wastes and rubbish in covered steel drums, each with its contents weighing between 300 and 500 pounds. The mechanics of closing the drums, and particularly the drum in suit, was elicited from appellant himself in the following cross-examination:

"Q. And how was the lid hooked on this particular drum, the drum that we are talking about? A. Well you have lid coming down on the top of the drum something like this, and then have a hook come around like this and hooks back.

"Q. So that there is a lever that is pulled tight on it, is that correct? A. Yes."

Schiavo trucks picked up the closed containers at appellee's plant, transported them some miles to the dump and there unloaded them. Appellant's own testimony indicated the general unloading procedure and also contained statements as to the stage of unloading at which the accident occurred. In general he testified that "we rolled the drums off, [from the truck] and pull a lever on the drums and can dump them". At one point he stated that the accident occurred after "the drum had been taken down on an elevator at the rear of the truck and tilted". At another point he stated that the accident occurred while the drum was still on the truck and about to be tilted.

In describing the mishap itself appellant testified at one point that "the lid blowed up and what was inside the drum splashed out on my foot". Later, he put the matter differently saying: "This lid flew off, and when the lid flew this stuff splashed on my foot." On cross-examination he was confronted with a statement which he had signed with reference to the accident a few weeks after its occurrence. In that statement he had said that "as we were rolling a drum to hoist, it slipped and the lid flew off spilling rubbish. * * *" While counsel for appellant repeatedly argues on this appeal that an "explosion" occurred, no witness has indicated a loud and violent bursting and release of pressure such as is ordinarily comprehended by the noun "explosion", unless such an inference can be drawn from the quotations above.

■■■ Thus, there was no error in rendering judgment against appellant on his own evidence unless the court was clearly wrong in refusing to infer from the sketchy and to some extent contradictory items of testimony quoted or para-

1. Because the case was tried without a jury, the technically correct motion would have been a motion to dismiss under Rule 41(b) "on the ground that upon the facts and the law the plaintiff has shown no right to relief". However the parties and the court below styled and dealt with the motion as one for a directed verdict under Rule 50. But this procedural error was not harmful to the plaintiff. Indeed, it was favorable to him because the court, not contenting itself with passing upon the weight of the evidence and making findings accordingly, found that plaintiff's showing could not in any reasonable view justify a recovery and thus necessitated a decision against him. This view of the inadequacy of plaintiff's case has been elaborated and made explicit by the trial judge in his opinion denying a motion for a new trial. In the circumstances, we treat this opinion as sufficiently presenting matter which normally and properly appears in formal findings under Rule 41(b).

phrased above, either that appellee had failed to use due care in fastening the top to the drum, or else that appellee had improperly put something in the drum which caused excessive internal pressure to develop. Of course Pennsylvania tort law is applicable to this claim for negligent injury suffered in Pennsylvania. In this connection appellant disavows any reliance upon res ipsa loquitur, and properly so under familiar judicial statements of the limitations of that doctrine as it exists in Pennsylvania. See Sierocinski v. E. I. Du Pont De Nemours & Co., 3 Cir., 1941, 118 F.2d 531, 535; Loch v. Confair, 1953, 372 Pa. 212, 215, 93 A.2d 451, 453. Beyond this, the related Pennsylvania doctrine which permits the attribution of fault to one in exclusive possession of an abnormally behaving and harm-causing instrumentality is inapplicable here because the appellee surrendered possession of the drum to appellant and other employees of Schiavo long before the accident. A considerable journey to the dump followed by unloading procedures after arrival had intervened between appellee's surrender of possession and the accidental opening of the drum in controversy. In such circumstances no inference of fault based on exclusive possession can be drawn against the defendant. Braccia v. Coca-Cola Bottling Co., 1960, 398 Pa. 386, 157 A.2d 747; Semensky v. Pennsylvania R. R. Co., 1945, 156 Pa.Super. 555, 41 A.2d 217. Indeed, the fatal defect in appellant's entire case is that on his own evidence a fact finder must be left to speculate, without rational basis for judgment, whether the manner of filling and sealing the container in first instance, or occurrences during the hauling and handling of the drum after appellee surrendered possession, caused the cover to come off. Cf. Musleva v. Patton Clay Mfg. Co., 1940, 338 Pa. 249, 12 A.2d 554; and see citation and discussion of Pennsylvania authorities in Roche v. Pennsylvania R. R. Co., 1951, 169 Pa.Super. 48, 56, 82 A.2d 332, 336.

Of course, proof of the cause of the untimely accidental opening of the drum was a major part of appellant's primary evidentiary burden. Yet, this cause remained conjectural when he rested his case. In these circumstances, a judgment against appellant was proper. Far from being clearly erroneous, the action of the court below was, in our view, clearly right.

We have also considered appellant's contention that he should have been granted a new trial because of newly discovered evidence. The affidavit supporting this motion for a new trial is analyzed and its inadequacy as a basis for a new trial satisfactorily demonstrated by the trial judge in his opinion denying a new trial. Clearly, there was no abuse of discretion in this ruling.

The judgment will be affirmed.