**Wallace FISHER**

v.

**UNITED STATES LINES COMPANY**

v.

**T. HOGAN CORPORATION.**

**Civ. A. No. 24949.**

United States District Court
E. D. Pennsylvania.

Sept. 11, 1961.

Charles Sovel, Philadelphia, Pa., for plaintiff.

Thomas F. Mount, Philadelphia, Pa., for defendant.

Robert Cox, Philadelphia, Pa., for third-party defendant.

VAN DUSEN, District Judge.

In this personal injury action by a stevedore against the ship, with the usual joining of the stevedore's employer as a third-party defendant, defendant has joined in the brief of third-party defendant (see letter of July 20, 1961, attached to third-party defendant's brief, being Document No. 37) and where the word "defendant's" contention or position is used, it will refer to their joint argument.

Defendant's contention that there is insufficient evidence of the method of unloading or that the draft struck plaintiff is rejected (N.T. 12 & 20–21). Plaintiff testified that the "draft knocked him" momentarily unconscious and that the draft hit him "broadside."

The shipowner has a duty not to permit its ship's unloading activities, which can affect people on the pier, to be carried on in a way that subjects those people in the area of these activities to an unreasonable risk of harm. See § 371 of

Restatement of Torts; Robillard v. A. L. Burbank & Co., Ltd., D.C.S.D.N.Y.1960, 186 F.Supp. 193, 196–197; cf. Litwinowicz v. Weyerhaeuser Steamship Co., D. C.E.D.Pa.1959, 179 F.Supp. 812, 815–818, and cases cited in that case; see, also, cases cited on pages 7–10 of plaintiff's brief. Since the ship retained general supervision of the unloading operation,[1] which was carried on with the use of its booms and winches as well as a housefall, it had the ability to stop this method of swinging the cargo, which had continued for several hours prior to the accident. See § 414 of the Restatement of Torts; Beard v. Ellerman Lines, Ltd. et al., 3 Cir., 1961, 289 F.2d 201, 205–206; cf. Knox v. United States Lines et al., 3 Cir., 1961, 294 F.2d 354, at pages 356–357;[2] cf. § 318, comment a, and § 344 of that Restatement.

■■ The most difficult question now before the court is whether plaintiff should be bound by his testimony that the drafts never previously landed further than ten feet inside the pier door, so that he felt he was safe in turning his back to the draft when he was 15 feet inside the covered part of the pier,[3] but that this draft came further inside that door than any other draft. Defendant contends (see par. 1 of Document No. 35) that its officers had no obligation to stop a method of work which would not have caused this injury, since they, as well as plaintiff, relied on the fact that no previous drafts had landed so far inside the pier. On the other hand, Ambrose testified that the drafts were landing 10 or 15 feet inside the pier (N.T. 21). Although the plaintiff cannot normally rely on one of two conflicting versions presented by his witnesses of a fact issue on which he has the burden of proof [see Martin v. E. I. DuPont De Nemours & Co., D.C.E.D.Pa.1959, 177 F.Supp. 639, 642, affirmed 3 Cir., 1960, 281 F.2d 801], the five foot difference is relatively small in comparison with the total distance the draft covered in its swing. On this record, the trial judge has concluded that the jury was entitled to find that the swinging of the previous drafts to a distance of ten feet inside the pier involved an unreasonable risk of harm to stevedores such as plaintiff, since an occasional draft might go further, and that this unreasonable risk was the proximate cause of plaintiff's injuries.

The verdict was not so excessive as to justify its diminution by the trial court.

### Order

And Now, September 11, 1961, the following Motions are denied:

A. Motion of T. Hogan Corporation to vacate and set aside the judgment in favor of plaintiff and the judgment in favor of third-party plaintiff, for judgment notwithstanding the special verdict, for judgment in accordance with defendant's motion for directed verdict, and in the alternative for a new trial (Document No. 34); and

B. Motion of United States Lines Company to vacate and set aside the judgment in favor of plaintiff, for judgment notwithstanding the special verdict, for judgment in accordance with defendant's motion for directed verdict, and in the alternative for a new trial (Document No. 35).

---

1. Defendant admitted that its employees inspected the method used in discharging the cargo (pars. 13–16 of Documents 7, 8 and 18).

2. Although the views stated in this opinion have no binding effect, a District Court is entitled to "consider whether the reasoning in that opinion has merit."

See page 360 of opinion of July 14, 1961, in this case.

3. The notes made by the trial judge during the trial indicate plaintiff said he was 15 to 20 feet inside the door when he was hit and the evidence must be construed in his favor, in view of the verdict. (The transcript of plaintiff's testimony has not been ordered by counsel.)