**Stanley LEE and Gary F. Thomas, Plaintiffs-Appellants,**

**v.**

**MUSKEGON CHEMICAL COMPANY (Defendant and Third-Party Plaintiff) and WOLVERINE EXPRESS (Third-Party Defendant), Defendants-Appellees.**

**No. 387–70.**

United States Court of Appeals, Tenth Circuit.

Aug. 10, 1971.

Marshall Quiat, Denver, Colo. (Michael E. Katch, Denver, Colo., with him on the brief) for plaintiffs-appellants.

Eugene O. Daniels, of Yegge, Hall & Evans, Denver, Colo., for defendants-appellees.

Before LEWIS, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.

PER CURIAM.

This is a diversity tort action brought by plaintiffs-appellants in the District of Colorado wherein damages are sought for personal injuries suffered by plaintiffs through the claimed negligence of the defendant chemical company (Muskegon). The trial court, at the conclusion of plaintiffs' case, directed a verdict adverse to plaintiffs under Rule 50(a) Fed. Rules Civ.Proc. Appeal follows the entry of the resulting judgment.

Plaintiffs' evidence, viewed in the light most favorable to their claim, may be summarized. During July, 1965 Muskegon shipped interstate fifty drums of the liquid chemical dimethyl-carbamoyle-chloride (DMCC) to a customer at Boulder, Colorado. The drums, consisting of fiberboard over a plastic container, were placed at the point of origin on equipment belonging to Wolverine Express for

transit to Boulder. Attached to each drum was a cautionary label indicating in some detail the existence of a hazardous product having potential physical and toxicological properties "not fully investigated" and giving remedial instructions in case of spillage. The bill of lading did not specifically note the shipment as dangerous.

In due course the shipment arrived at the Ringsby Trucking Company's [1] docks at Denver, Colorado. Additional freight had by then been packed upon the top of the drums. At some unknown point between the point of origin and Denver one of the drums had been pierced and had resulted in toxic fumes permeating the Ringsby trailer. Plaintiffs, employees of Ringsby, inhaled the fumes and were injured while unloading the freight destined for Denver and which had been placed on top of the Muskegon shipment. Against this evidentiary background the trial court directed a verdict for failure to show any actionable negligence on the part of the defendant manufacturer-shipper.

The ruling of the trial court is manifestly correct. Although plaintiffs plead active negligence on the part of Muskegon in packaging and labeling no proof of any kind was offered in support of this contention. Nor are we referred to any case imposing absolute liability upon a shipper under the stated circumstances, nor any case under Colorado law, or otherwise, indicating the application of the doctrine of res ipsa loquitur. The evidence negatives entirely that the drums were under the exclusive control of Muskegon at the time of plaintiffs' injuries. Any reliance on res ipsa loquitur is misplaced. Hook v. Lakeside Park Company, 142 Colo. 277, 351 P.2d 261. And *see* Martin v. E. I. DuPont De Nemours & Co., 3 Cir., 281 F.2d 801, a case factually similar considered under Pennsylvania law. All other evidence,

such as failure to furnish plaintiffs with protective masks, points to negligence on the part of Ringsby, not defendant.

The judgment is affirmed.

---

1. Although counsel's opening statements indicate the shipment was transferred from Wolverine equipment to Ringsby at Chicago, the evidentiary record does not contain such proof.