## Loch *v.* Confair, Appellant.

Argued November 13, 1952.  Before STERN, C. J., STEARNE, JONES and CHIDSEY, JJ.

*William S. McLean,* with him *James P. Harris,* for individual defendants, appellants.

*James Lenahan Brown,* with him *Daniel J. Flood, Thomas F. Farrell* and *Joseph V. Kasper,* for plaintiffs, appellees.

*J. Thirwall Griffith,* for defendant, Great A. & P. Tea Company.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, January 5, 1953:

The wife plaintiff having been injured by the bursting of a bottle of ginger ale, she and her husband brought suit in assumpsit to recover damages against Confair's Beverage Company, which had bottled the ale. In that action this court affirmed the judgment of the court below sustaining defendant's preliminary objections in the nature of a demurrer and dismissing the complaint: *Loch v. Confair,* 361 Pa. 158, 63 A. 2d 24. Plaintiffs then brought the present action in trespass against the Beverage Company and The Great Atlantic and Pacific Tea Company in whose store the ale was purchased. The trial judge entered a nonsuit as to the A. & P. Company and gave binding instructions to the jury to find a verdict for the Beverage Company. The court en banc took off the nonsuit and awarded plaintiffs a new trial as to the Beverage Company, from which award the Beverage Company now appeals. The A. & P. Company has not appealed, presumably recognizing that an appeal does not lie from an order taking off a compulsory nonsuit; (*Dellacasse v. Floyd, Exrs.,* 332 Pa. 218, 2 A. 2d 860; *Hildock v. Grosso,* 334 Pa. 222, 5 A. 2d 565; *Patanyi v. Davis,* 336 Pa. 476, 9 A. 2d 430).

Plaintiffs were shopping in the A. & P. Company's super-market in Wilkes-Barre. As the husband was picking up two bottles of ginger ale, one in each hand, from the bottom shelf of the soft drink display, the bottle in his right hand burst and a piece of the glass struck and cut the back of the wife's leg, resulting in a deep laceration and a long permanent scar.

Plaintiffs depended for establishment of their case on the doctrine either of res ipsa loquitur or "exclusive control"; they offered no actual evidence of negligence on the part of either defendant. The A. & P.

Company, having obtained a compulsory nonsuit, presented no evidence. The Beverage Company offered testimony explaining the tests, safety devices, controls and manner of carbonating and bottling ginger ale in their plant, and that the methods they employed were used generally by concerns bottling carbonated beverages.

On this appeal plaintiffs rely principally on *Rozumailski v. Philadelphia Coca-Cola Bottling Co.*, 296 Pa. 114, 145 A. 700, and *Dillon v. William S. Scull Co.*, 164 Pa. Superior Ct. 365, 64 A. 2d 525, while defendants, on the other hand, claim that the present case is ruled by *Sweeney v. Blue Anchor Beverage Co.*, 325 Pa. 216, 189 A. 331. In our opinion, however, those decisions do not justify the significance attributed to them by the respective parties. In the *Rozumailski* case the plaintiff was injured by swallowing pieces of ground glass which he testified were contained in a bottle of Coca-Cola; likewise in the *Dillon* case the court pointed out that there must have been some foreign substance packed in a glass jar of coffee which exploded in the plaintiff's hand; in both of those cases the court held, therefore, that the improper presence of such foreign matter in the bottle or jar must so obviously have been the result of negligence that proof of the accident itself was sufficient to take the case to the jury, leaving the burden of explanation upon the defendant as to the methods employed by it to prevent such occurrences. In the *Sweeney* case, on the other hand, it appeared that the plaintiff upset a bottle of ginger ale on a concrete floor, and since this was apparently the efficient and proximate cause of its breaking and her own action therefore contributed at least some of the force which caused the accident, the court concluded that the doctrine of res ipsa loquitur was inapplicable. The obvious differences in the facts pre-

vent those cases from being persuasive, much less con-
clusive, in the solution of the present problem.

What is perhaps somewhat of a tenuous distinction
has been made between the doctrine of res ipsa loqui-
tur and the exclusive control doctrine, which latter
is more or less peculiar to Pennsylvania law in acci-
dent cases. In *Sierocinski v. E. I. DuPont de Nemours
& Co.*, 118 F. 2d 531, (C.C.A. 3) Circuit Judge (now
Mr. Justice) JONES pointed out that the duty always
rests upon the plaintiff in an action for negligence to
prove the allegation thereof either directly or by proof
of circumstances from which an inference of the ulti-
mate fact of negligence may reasonably be drawn; that
ordinarily the requirement of such proof cannot be
met by an inference of negligence drawn from the mere
happening of an accident; that in certain cases, how-
ever, the burden thus usually resting upon the plain-
tiff is eased by an application of the doctrine either
of res ipsa loquitur or the inference of negligence per-
missible from the defendant's exclusive control of the
instrumentality which inflicts the injury; and that the
doctrine of res ipsa loquitur had been limited in Penn-
sylvania to cases where a contractual relation existed
between the parties, whereas the doctrine of exclusive
control was not so restricted. (See also *Ambrose v.
Western Maryland Rwy. Co.*, 368 Pa. 1, 11, 81 A. 2d
895, 900). The theory of exclusive control is that, when
the instrumentality which causes the injury is shown
to be under the management and control of the defend-
ant, and the accident is such that in the ordinary course
of things does not happen if those who have the man-
agement and control use proper care, it affords rea-
sonable evidence, in the absence of explanation by de-
fendant, that the accident was due to negligence. It
is a doctrine applicable only where the proof as to
the cause of the accident is peculiarly or exclusively

within the possession of the defendant: *Miller v. Hickey,* 368 Pa. 317, 331, 332, 81 A. 2d 910, 917.

Viewing realistically the situation presented by the circumstances of the present case, it is obvious that, so far as the evidence discloses, the wife plaintiff was not injured through any fault of her own, and therefore, if the occurrence of the accident was due to negligence on the part of either of the defendants, plaintiffs should be entitled to redress. It is clear too that the breaking of the bottle could have resulted only from a defect in the bottle itself, or from an excessive internal pressure due to over-carbonation, or from the subjection of the bottle to some extreme atmospheric or temperature changes, or from some mishandling, as for example, the striking of it by a hard object. Manifestly it would be entirely beyond the ability of the plaintiffs to ascertain and establish which of these possibilities was in fact the cause of the accident, whereas the defendant Beverage Company could readily explain the equipment and the methods employed by it in bottling the ale and the defendant A. & P. Company was equally in a position to explain the manner in which it handled, displayed and protected the bottles placed on its shelves for sale. It would seem, therefore, notwithstanding the limitations on the applicability of the doctrine of res ipsa loquitur and exclusive control previously referred to, that reason and justice alike should entitle plaintiffs to the benefits of those methods of establishing a prima facie case. Plaintiffs having testified to the manner in which the accident occurred, the burden should then rest upon the defendant A. & P. Company to show that after the bottle came into its possession it was not subjected to any mishandling or to any unusual atmospheric or temperature changes. The duty would then devolve upon the Beverage Company to establish that it conducted its operations with

due care and according to the usual and proper methods generally employed in the bottling industry. It would then have been for the jury to decide whether such explanations satisfactorily exculpated either or both defendants from the charge of negligence, having in mind as to the defendant Beverage Company that it might be humanly impossible, even with the best of care, to discover every latent defect in every one of possibly hundreds of thousands of bottles or to prevent a possible excess of pressure in perhaps a single one of them, and having likewise in mind as to the defendant A. & P. Company that it might be equally impossible to prevent a bottle on a shelf from being struck or otherwise mishandled by some careless customer in a crowded store. In other words, it might be found that the accident here in question was one that could not have been avoided by the exercise of reasonable care by either or both defendants judging them by any reasonable standard of duty, and if, in the opinion of the court, the jury capriciously concluded otherwise, the remedy would lie, as always under such circumstances, in the granting of a new trial.

In view of what has been said it is clear that the learned trial judge should not have entered a nonsuit in favor of the A. & P. Company, but should have kept both defendants in the case until final verdict, so that their respective liabilities, if any, could be better determined and each be given the opportunity as well as the duty of establishing that it was not guilty of any negligence that resulted in the accident. The court en banc, therefore, removed the nonsuit entered in favor of the one defendant and granted plaintiffs a new trial as to the other; such action was proper in the light of the circumstances and principles herein discussed.

Order affirmed.