Miller, Appellant, *v.* Meadville Food Service, Inc.

Argued April 13, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and WRIGHT, JJ. (GUNTHER, J., absent).

*J. Perry Eckels,* for appellants.

*F. Joseph Thomas* and *P. Richard Thomas,* with them *Paul E. Thomas* and *Thomas & Thomas,* for appellees.

OPINION BY ROSS, J., July 14, 1953:

Plaintiffs, husband and wife, brought this action of trespass against Meadville Food Service, Inc., for injuries sustained by the wife-plaintiff when she bit into a foreign substance contained in a piece of pineapple pie which she purchased in defendant's cafeteria. Defendant filed an appearance but no answer to the complaint, and brought on the record as additional defend-

ant Fairmont Foods Company, from which corporation it had purchased the pineapple used in preparation of the pie filling. The jury returned a verdict for the plaintiffs for $2,000 "to be divided between the two defendants in equal amounts of one thousand dollars each ($1000)". The court below entered judgment n.o.v. in favor of the defendants and, pro forma, refused their motion for a new trial, and from the entry of judgment n.o.v. the plaintiffs have taken this appeal.

Florence Miller, hereinafter referred to as plaintiff, was employed by Talon, Inc., at its plant in Meadville. Defendant operated a cafeteria patronized by Talon employes. On September 1, 1948, during her lunch recess plaintiff, in company with other women employes, went to defendant's cafeteria and purchased the piece of pie in question. As she was eating her second or third morsel of it she bit into a hard particle which "broke in two between my teeth". She explained that she could not identify the "object" because "After I bit into it, it broke. In my excitement I tried to cough it up, it slipped down my throat, I held it there some time at the base of my mouth, and I started strangling and coughing and whatever food I had in my mouth I swallowed it". The evidence as to whether the plaintiff actually suffered an injury was conflicting. The verdict of the jury, however, resolves that conflict in her favor.

The original defendant submitted evidence to the effect that it purchased the pineapple for its pies from the additional defendant in sealed "four pound frozen cartons". The fruit was taken from the cartons, placed in a stainless steel container to thaw and then placed in pies by the original defendant's baker. There was evidence that Meadville Food Service employed modern and sanitary methods in the preparation of its pies. The additional defendant offered no testimony.

In its opinion, the learned court below granted judgment n.o.v. because the plaintiff had not identified the foreign substance in the pie, and, therefore, had not shown negligence on the part of the defendants. Consequently, the crux of this case is the question of necessity for identification of the foreign substance. Defendants contend, and the court below found, that plaintiff failed to prove negligence because she neither knew what the substance was which caused her injury nor showed how it got into the pie. We think the recent decision in *Loch v. Confair*, 372 Pa. 212, 93 A. 2d 451, governs this case and resolves the issue in plaintiff's favor. We might add parenthetically that the learned court below did not have the benefit of the opinion in the *Loch* case, which was handed down after the entry of judgment n.o.v. in this case.

In the *Loch* case plaintiffs, husband and wife, were shopping in a super-market of the Great Atlantic and Pacific Tea Company in Wilkes-Barre. As the husband was picking up two bottles of ginger ale, one in each hand, from the bottom shelf of the soft drink display, the bottle in his right hand exploded and a piece of glass from it lacerated the wife's leg, causing a deep scar. Plaintiffs brought assumpsit for breach of warranty. The lower court, affirmed by the Supreme Court, at 361 Pa. 158, 63 A. 2d 24, sustained defendant's preliminary objections in the nature of a demurrer and dismissed the complaint on the ground that the averments of the complaint sounded in tort and there had been no sale for which assumpsit for breach of warranty would lie. Plaintiffs then brought trespass against the beverage company (manufacturer) and the A. & P. Company (immediate vendor). The trial judge entered a nonsuit as to the A. & P. Company and gave binding instructions to the jury to find for the beverage company. The court en banc took off the nonsuit and

awarded plaintiffs a new trial as to the beverage company. On appeal the Supreme Court affirmed the order.

Plaintiffs in the *Loch* case, as here, offered no actual evidence of negligence on the part of either defendant. The beverage company offered evidence as to the precautions taken during the bottling process and as to their conformity to usage and custom. The Court, speaking through Mr. Chief Justice HORACE STERN, after discussing at some length the doctrines of res ipsa loquitur and exclusive control, stated at pages 217, 218: ". . . the wife plaintiff was not injured through any fault of her own, and therefore, if the occurrence of the accident was due to negligence on the part of either of the defendants, plaintiffs should be entitled to redress. . . Manifestly it would be entirely beyond the ability of the plaintiffs to ascertain and establish which of these possibilities was in fact the cause of the accident, whereas the defendant Beverage Company could readily explain the equipment and the methods employed by it in bottling the ale and the defendant A. & P. Company was equally in a position to explain the manner in which it handled, displayed and protected the bottles placed on its shelves for sale. It would seem, therefore, notwithstanding the limitations on the applicability of the doctrine of res ipsa loquitur and exclusive control previously referred to, that reason and justice alike should entitle plaintiffs to the benefits of those methods of establishing a prima facie case. Plaintiffs having testified to the manner in which the accident occurred, the burden should then rest upon the defendant A. & P. Company to show that after the bottle came into its possession it was not subjected to any mishandling or to any unusual atmospheric or temperature changes. The duty would then devolve upon the Beverage Company to establish that it conducted its operations with due care and according

to the usual and proper methods generally employed in the bottling industry. It would then have been for the jury to decide whether such explanations satisfactorily exculpated either or both defendants from the charge of negligence, having in mind as to the defendant Beverage Company that it might be humanly impossible, even with the best of care, to discover every latent defect in every one of possibly hundreds of thousands of bottles or to prevent a possible excess of pressure in perhaps a single one of them, and having likewise in mind as to the defendant A. & P. Company that it might be equally impossible to prevent a bottle on a shelf from being struck or otherwise mishandled by some careless customer in a crowded store. In other words, it might be found that the accident here in question was one that could not have been avoided by the exercise of reasonable care by either or both defendants judging them by any reasonable standard of duty, and if, in the opinion of the court, the jury capriciously concluded otherwise, the remedy would lie, as always under such circumstances, in the granting of a new trial."

We quote at length from this very recent case (January 5, 1953), because application of the doctrine of exclusive control relieves plaintiff in the present case from the necessity of identifying the object which injured her tongue and throat, and shifts the burden of exculpating itself to defendant. Viewing the evidence in the light most favorable to plaintiff and giving her the benefit of all inferences and deductions reasonably to be drawn therefrom (*Hunter v. Rossi*, 172 Pa. Superior Ct. 301, 93 A. 2d 912; *Archer v. Penna R. R. Co.*, 166 Pa. Superior Ct. 538, 72 A. 2d 609), plaintiff presented a prima facie case when she established injury from an unknown substance contained in food sold to her by defendant, and it was within the province of the

jury to decide whether defendant's explanation of due care exculpated it from the charge of negligence.

The order entering judgment n.o.v. is reversed, the defendants' motions for a new trial are reinstated for further action thereon by the court below, and for that purpose the record is remitted.