■  VIOLA BRISETTE, as Administratrix of the Estate of WILLIAM BRISETTE, Deceased, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— In an action to recover damages for wrongful death, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered November 12, 1970, in favor of defendant, upon the trial court's dismissal of the complaint at the end of plaintiff's case upon a jury trial. Judgment reversed, on the law, and a new trial granted, with costs to abide the event. The appeal did not present questions of fact. Plaintiff's intestate died under the wheels of a subway train owned by defendant and operated by its employee, under circumstances which, it is claimed, amounted to actionable negligence on the part of the subway motorman under the doctrine of last clear chance. Plaintiff adduced proof that on January 30, 1963, at about 8:30 P.M., a northbound subway train came to an emergency stop at the Ely Avenue station in Queens after an automatic tripping device at the rear of the sixth car was activated at a point 225 feet south of the station; and that the train resumed its run after the motorman reset the tripper without having found any object capable of tripping it. Two following trains went through the station without incident. A fourth train had the tripper at the rear of its first car activated by an obstruction 285 to 350 feet south of the Ely Avenue station. It, too, resumed progress after its motorman reset the tripper in the first car. After it moved out northward, a subway employee following on foot behind it found the decedent's mutilated body at a point approximately 335 feet south of the station. Plaintiff's theory finally rested on the inference that the decedent died when his legs were amputated on impact with the fourth train. In our opinion, the trial court erred in dismissing plaintiff's complaint. On the motion to dismiss the complaint, plaintiff was entitled to the most favorable inferences to be drawn from her proof. Viewing plaintiff's proof in this light, a question of fact existed for the jury's determination as to whether the first motorman was culpable of "negligence so reckless as to betoken indifference to knowledge" of the peril (*Woloszynowski* v. *New York Cent. R. R. Co.*, 254 N. Y. 206, 209) in failing to make a reasonably proper inspection, and thereafter proceeding, despite his knowledge that a human life might be endangered from the tripping of the safety mechanism (*Kumkumian* v. *City of New York*, 305 N. Y. 167; *Chadwick* v. *City of New York*, 301 N. Y. 176). The court also erred in sustaining numerous objections of defendant's counsel to plaintiff's counsel's probing of the first motorman's state of mind as to what he believed had caused the tripcock to open and what type of obstruction he was looking for. This inquiry was relevant to the issue of knowledge of the existing peril and the doctrine of last clear chance. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.