GERTRUDE KRALL, Respondent, v SHAKER RIDGE COUNTRY CLUB, INC., Appellant.

Third Department, April 15, 1976

*George F. Curley (Jed B. Wolkenbreit* of counsel for *Robert P. Roche),* for appellant.

*Martin, Noonan, Hislop, Troue & Shudt (J. Paul Troue* of counsel), for respondent.

SWEENEY, J. On May 2, 1970 plaintiff attended a bridal luncheon at defendant's club. After eating the first course which consisted of a fruit cup plaintiff was served a chicken casserole as the entree. While eating this she felt sharp pain in her throat and chest area. She immediately went to the ladies room where she began retching and vomiting. She was then taken to the Samaritan Hospital in Troy and later transferred to the Albany Medical Center at which time it was determined she suffered a possible rupture of the esophagus. Plaintiff brought this action against defendant, alleging negligence and breach of warranty. Defendant commenced a third-party action against the supplier of the chicken. After trial, the negligence cause of action was dismissed, as was the third-party complaint. The jury returned a verdict in favor of plaintiff on the breach of warranty action. This appeal ensued and we are concerned only with the jury's verdict.

In addition to the facts already set forth, the record reveals that the lucheon dish was described by plaintiff as a concoction, consisting of chicken, vegetables and rice; that there was no written menu and everyone was served the same dish; that plaintiff's doctor opined that the perforation to the esophagus was caused by a sharp object and he enumerated several possibilities, including a bone or portion of a denture; that plaintiff testified she did not wear dentures; that a witness for the defendant testified that the entree consisted of boneless chicken; that there was a conflict of medical testimony as to whether the injury was inflicted by a sharp instrument or some other unrelated cause.

Basically, it is defendant's contention that plaintiff failed to carry her burden of proving a cause of action for breach of warranty and the court erred in denying defendant's motion

at the end of plaintiff's case. More specifically, defendant contends that plaintiff did not establish precisely what caused the damage to her esophagus; that even if it were a sharp object, since the luncheon dish contained chicken, a chicken bone, under the circumstances, would not be a foreign object and, therefore, no liability would attach for breach of warranty.

Defendant's liability in an action for breach of warranty based on the sale of food is predicated on the fact that the food contained a foreign substance which was the proximate cause of the injury. Our issue, therefore, narrows to whether, on this record, plaintiff proved that there was a foreign object in the chicken casserole which perforated her esophagus. The record establishes that plaintiff had experienced no difficulty prior to consuming several mouthfuls of the casserole dish; that after the third or fourth mouthful had been chewed and swallowed, she felt a scratching in the throat area which continued down to the mid-chest, and thereafter a very sharp sticking pain developed; that she immediately went to the ladies room where she vomited and bled from the throat. It is fair and reasonable to infer from these facts and circumstances that a sharp object contained in the food caused the injury. Under these circumstances, we do not feel that plaintiff was required to establish the precise object which caused the damage. While the testimony that the chicken was boneless was not brought out on plaintiff's case, the very nature of the food preparation served, in our view, was such that a question of fact was presented as to whether or not the object was foreign to the dish, and, therefore, the motion at the end of the plaintiff's case was properly denied. *(Brisette v New York City Tr. Auth.,* 45 AD2d 960.)

Defendant's alternate contention that even if it were a sharp object, it could have been a chicken bone which, on the facts presented here, was not a foreign object, cannot be sustained. A reading of the court's charge reveals that the jury was instructed that the luncheon consisted of boneless chicken, and a chicken bone would, in such case, be a foreign substance. There was no objection or exception to this charge. Consequently, the defendant's silence amounted to an acquiescence in the court's instructions. *(Martin v City of Cohoes,* 37 NY2d 162; CPLR 4017, 4110-b; 4 Weinstein-Korn-Miller, NY, Civ Prac, par 4017.09.) The plaintiff, in our opinion, proved a prima facie case in breach of warranty against the defendant,

484

and, since the jury implicitly resolved the issues of fact and credibility in favor of plaintiff, the verdict should be affirmed.

The judgment should be affirmed, with costs.

GREENBLOTT, J. P., MAHONEY, HERLIHY and REYNOLDS, JJ., concur.

Judgment affirmed, with costs.