505 A.2d 308

**Louis A. ORLANDO and Alice C. Orlando, husband and wife, Appellants,**

**v.**

**HERCO, INC.**

Superior Court of Pennsylvania.

Argued Dec. 16, 1985.

Filed Feb. 20, 1986.

David L. Lutz, Harrisburg, for appellants.

Roger T. Shoop, Harrisburg, for appellee.

Before WIEAND, OLSZEWSKI and WATKINS, JJ.

WIEAND, Judge:

Louis A. Orlando purchased and consumed shrimp creole in the dining room of the Hotel Hershey. Later, on the same evening, he experienced stomach cramps, nausea, sweating, vomiting, diarrhea and a general weakness. Orlando and his wife[1] brought an action to recover damages against Herco, Inc., the owner and operator of the Hotel

---

1. Orlando's wife joined in the complaint and alleged that she had suffered loss of consortium and had incurred expenses in seeking aid for her husband as a result of the incident. Because her claim is derivative of that of her husband, see: *Scattaregia v. Shin Shen Wu*, 343 Pa.Super. 452, 495 A.2d 552 (1985); *Klein v. Council of Chemical Associations*, 587 F.Supp. 213 (E.D.Pa.1984), we will confine our discussion to the claim of Louis Orlando as the primary plaintiff in this action.

Hershey. The complaint contained a count in trespass based upon alleged negligence in the preparation of food and a count in assumpsit for breach of an implied warranty of merchantability, i.e., that the food was fit for human consumption. Immediately prior to trial, however, Orlando's counsel informed the trial court that he would proceed only on the claim for breach of warranty. He requested that the court exclude any and all evidence pertaining to the purchase of ingredients and the manner of preparing shrimp creole served on the night of his illness. Because the negligence count had been withdrawn, Orlando argued, the exercise of care in preparing the food was irrelevant. Orlando also requested the trial court to exclude evidence that shrimp creole had been consumed without complaint by other guests of the hotel on the same evening. The trial court refused to grant Orlando's motion to exclude this evidence, and the jury which tried the case returned a verdict for the defendant. A motion for new trial was denied, and judgment was entered on the verdict. Orlando appealed. We affirm.

Orlando contends that the trial court erred when it permitted Herco to introduce evidence that the shrimp creole had been carefully prepared. Specifically, he complains about testimony given by Celester Deimler, Jr., the hotel's food controller, and Heinz Hautle, the chef. Deimler testified to quality control procedures followed in ordering, storing and inspecting food prior to preparation and sale to guests of the hotel. He said that on the evening on which Orlando had been a guest of the hotel, his inspection of the ingredients used in preparing the shrimp creole had detected no imperfections. Hautle testified about food preparation in general and about the procedure which had been followed in preparing the shrimp creole from which Orlando had eaten.

In an action based on breach of an implied warranty of merchantability,[2] the "seller may be held liable irrespective of the existence or absence of negligence on his part, and it

2. See: 13 Pa.C.S. § 2314.

is not necessary that his negligence, if any, be shown." 63 Am.Jur.2d *Products Liability* § 456. "[T]he concern of both § 402A [of the Restatement (Second) of Torts] and warranty law is with the fitness of the product, not the conduct of the producer as measured by due care." *MacDougall v. Ford Motor Co.*, 214 Pa.Super. 384, 391, 257 A.2d 676, 680 (1969). See also: *Vlases v. Montgomery Ward & Co.*, 377 F.2d 846 (3d Cir.1967); *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 337 A.2d 893 (1975). If it is unnecessary to establish negligence in order to recover for breach of warranty, it does not follow that evidence showing the absence of a defect is inadmissible merely because it also tends to show that due care was exercised in the product's preparation or manufacture.

■ In the instant case, Orlando was required to show a food product that was unfit for human consumption and, therefore, unmerchantable. He was not required to show that the shrimp creole which he had eaten was unmerchantable because of Herco's negligence. In defense, Herco could show that its food product was not defective. In order to accomplish this, Herco could show the nature of the ingredients used, the manner in which the ingredients were stored to preserve their wholesomeness, the inspections made prior to use, and the manner in which the shrimp creole had been prepared on the night when appellant consumed it. This evidence was relevant to show that the food consumed by Orlando was fit for human consumption and merchantable. Its relevancy was not impaired merely because it also tended to show that Herco had exercised due care in ordering, inspecting and preserving the ingredients and in preparing the food product consumed by Orlando.

This interpretation is confirmed by the Uniform Commercial Code Comment appearing at 13 Pa.C.S. § 2314, where it is stated as follows:

> In an action based on breach of warranty, it is of course necessary to show not only the existence of the warranty but the fact that the warranty was broken.... *[E]vidence indicating that the seller exercised care in the manufacture, processing, or selection of the goods is*

*relevant to the issue of whether the warranty was in fact broken.*

U.C.C. § 2–314 comment 13, *reprinted in* 13 Pa.C.S. § 2314 Uniform Commercial Code Comment (emphasis added).

In the instant case, the evidence that Herco had exercised due care in preparing the food product sold to Orlando at the Hotel Hershey was relevant to show that the shrimp creole was in fact merchantable and fit for human consumption. Without evidence pertaining to the purchase, storage and inspection of the ingredients and the preparation of the shrimp creole, Herco would have had no way of defending the charge that it had breached an implied warranty of merchantability with respect to the shrimp creole which it had sold to Orlando. The trial court's allowance of this evidence was not error.

█ It is also argued that the trial court committed error when it allowed evidence that on the same evening on which Orlando became ill, twenty other guests had ordered shrimp creole and had not complained of illness. It is correct, as appellant argues, that the issue for determination by the jury was whether the portion served to Orlando was unmerchantable and not whether the shrimp creole sold to other guests was defective. Nevertheless, the fact that all other shrimp creole sold that evening, prepared at the same time and using common ingredients, was found to be fit for human consumption was a relevant fact for the jury to consider. Although not conclusive with respect to the wholesomeness of the shrimp creole sold to Orlando, it could be considered and weighed by the jury.

The decision in *Vaccarezza v. Sanguinetti,* 71 Cal.App.2d 687, 163 P.2d 470 (1945), cited by appellant, supports this rule. There the plaintiffs had become ill after eating salami and coppe purchased from the defendants. At trial, defendants introduced evidence that the lab tests performed on the unconsumed portions of the sticks of salami and coppe purchased by plaintiffs revealed no trichinella infection. The court held that this evidence did not conclusively establish that the meat consumed by plaintiffs had not been

infested, because it was possible for only a portion of the stick to be infested. Nevertheless, the Court said, "The fact that the remainder of the salami and the coppe were free of the larvae, *while of some evidentiary weight,* was not conclusive. *It was a factor to be weighed....*" *Id.* at 696, 163 P.2d at 475 (emphasis added). We agree with this analysis. Herco's evidence regarding the absence of complaints from other patrons who had ordered shrimp creole, while not conclusive that the food sold to Orlando was merchantable, was a relevant fact to be considered by the jury. The trial court did not err in receiving it.

Orlando's final argument pertains to the jury instructions delivered by the trial court. The court erred, he argues, when it instructed the jury that it might consider "evidence of 'due care' and [should] determine whether the *batch* of shrimp prepared, rather than the individual portion served Plaintiff, was contaminated." Brief for Appellant at 3 (emphasis in brief). The record discloses, however, that appellant failed to object to these portions of the trial court's jury instructions. Consequently, they have been waived. See: *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974); *Pratt v. Stein,* 298 Pa.Super. 92, 444 A.2d 674 (1982); *Crosbie v. Westinghouse Elevator Co.,* 297 Pa.Super. 304, 443 A.2d 849 (1982).

Judgment affirmed.