Phyllis MORRIS, Shelley Simpson, Elaine Henry, Debra Davis, Plaintiffs,

v.

NUTRI/SYSTEM, INC., Defendant.

Civ. A. No. 91–115.

United States District Court, D. Vermont.

Aug. 28, 1991.

**890**

Robert E. Manchester, Manchester Law Offices, Burlington, Vt., for plaintiffs.

Robert H. Erdmann, Dinse, Erdmann & Clapp, Burlington, Vt., for defendant.

## OPINION AND ORDER

PARKER, District Judge.

Nutri/System, Inc., moves to dismiss Counts II and III of plaintiffs' Amended Complaint, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state claims of breach of implied and express warranties. For the reasons discussed herein, this court agrees with defendant and DISMISSES Counts II and III of plaintiffs' Amended Complaint.

## I. BACKGROUND

Plaintiffs are residents of Vermont who have participated in the Nutri/System Weight Loss Program in Vermont and New Hampshire. Defendant is a corporation organized and existing under the laws of Pennsylvania with its principal place of business in Blue Bell, Pennsylvania. Plaintiffs seek to recover for injuries allegedly caused by defendant under the following theories: (1) negligence; (2) breach of im-

plied warranty; (3) breach of express warranty; and (4) fraud.

The Nutri/System Weight Loss Program ("Program") includes behavioral counseling, activity programs, weight maintenance and the use of Nutri/System's pre-packaged foods. Nutri/System offers these services directly to consumers as well as through individuals and independent businesses by way of franchise agreements. Franchises pay an initial fee and royalties to Nutri/System, Inc. and purchase pre-packaged food products for resale to participants enrolled in the Program at their facilities. Plaintiffs claim various injuries resulting from participation in the Program which include a saturation of the bile with cholesterol which directly contributes to symptomatic gallstone and gallbladder disease.

## II. DISCUSSION

### A. Breach of Implied Warranty

Plaintiffs base this claim on the following allegations: (1) that plaintiffs purchased food items from Nutri/System as part of their participation in the Program; (2) these purchases were separate transactions from the initial Program fee; (3) plaintiffs relied upon Nutri/System's expertise with regard to the food items sold; (4) that the food items were represented as being part of a safe weight loss program; (5) Nutri/System extended an implied warranty that the food items "were nutritionally wholesome and safe for human consumption and fit for the purpose of ensuring weight loss in a safe, effective and nonhazardous manner"; (6) breach of warranty; and (7) injury.

In other words, the breach of implied warranty claim is cast as a breach of warranty in the sale of the food—*not* as a breach of warranty implied in any express or implied contract between plaintiffs and defendant. Accordingly, the legal foundation on which this claim rests is the Uniform Commercial Code which contains two types of implied warranties. One is the implied warranty of merchantability. To make out a breach of an implied warranty of merchantability plaintiffs must allege

that the goods purchased, in this case the food items, were not merchantable. In order for "[g]oods to be merchantable [they] must be at least such as ... are fit for the ordinary purposes for which such goods are used ..." Vt.Stat.Ann. tit. 9A, § 2–314(2)(c) (1990); N.H.Rev.Stat.Ann. § 382–A:2–314(2)(c) (1990).

■ There is also a breach of implied warranty of fitness for a particular purpose, which is alleged when a buyer relies on a seller to furnish suitable goods, and those goods do not satisfy the particular purpose required of them.

Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such a purpose.

Vt.Stat.Ann. tit. 9A, § 2–315 (1990); N.H.Rev.Stat.Ann. § 382–A:2–315 (1990).

■ A seller of food items is liable for breach of implied warranty where the food is not "wholesome and fit for human consumption at the time of purchase." *DiGregorio v. Champlain Valley Fruit Co., Inc.,* 127 Vt. 562, 565, 255 A.2d 183, 185 (1969) (banana contained a glass fruit thermometer, or fragments of the thermometer, which had been inserted by the wholesaler and caused injury to the plaintiff). The court in *O'Brien v. Comstock Foods, Inc.,* 125 Vt. 158, 161 212 A.2d 69, 71 (1965), stated:

[A] manufacturer or producer who markets his product in a sealed container impliedly warrants to the ultimate consumer that the product is reasonably fit for the purpose intended and that it does not contain any harmful or deleterious substance of which due and ample warning has not been given.

*See also Orlando v. Herco, Inc.,* 351 Pa.Super. 144, 505 A.2d 308, 309 (1986) (plaintiff required to show shrimp creole dish "was unfit for human consumption and, therefore, unmerchantable"); *Russell v. First Nat'l Stores, Inc.,* 96 N.H. 471, 79 A.2d 573, 576 (1951).

■ Implied warranties of food items are implicit guarantees that food will be wholesome and fit for consumption at the time of purchase. In addition, this guarantee requires that food contain no harmful matter. Plaintiffs make no allegations that the Nutri/System food is unwholesome or inedible, nor do plaintiffs contend any substances within Nutri/System's pre-packaged food items make the food unfit for consumption.[1] Instead, plaintiffs' theory is that the *Program* is nutritionally unsafe, and because the food products form an integral part of the Program, Nutri/System breaches an implied warranty that the Program is fit for the purpose of "weight loss in a safe, effective and nonhazardous manner."

Decisions relied upon by plaintiffs do not support this theory. The first case pertains to negligent behavior that did not support a warranty cause of action and the second case relied upon a defective product as the basis of an implied warranty theory. Neither of these cases persuade this court that an implied warranty claim has been made out here. *See Mauran v. Mary Fletcher Hospital,* 318 F.Supp. 297, 301 (D.Vt.1970) (implied warranties may cover quality and merchantability of a drug injected into a patient, but does not extend as far as to the negligence of hospital employees in administering that drug); *Newmark v. Gimbel's, Inc.,* 54 N.J. 585, 258 A.2d 697 (1969) (implied warranty theory applicable where beautician applied defective permanent wave solution to patron causing injury).

This is not a case where the sale of the food goods can sustain an implied warranty theory. No matter how deficient the nutri-

1. Plaintiffs ask this court for permission to amend their Amended Complaint to include the following additional allegations: (1) that Nutri/System markets a distinct program; (2) which includes Nutri/System food items as its primary nutritional source; (3) food items are purchased weekly by participants; and (4) Nutri/System represents that these food items are nutritionally sound. These additions do not make this claim any less deficient.

tional counseling or other services provided through the Program might have been, plaintiffs allege no defect in the food items themselves, only in the nutritional services as they relate to the food goods (e.g., caloric intake necessary for proper health, nutrients contained in servings of Nutri/System food items, etc.). Therefore, an implied warranty claim is improperly pled in this case.

### B. *Breach of Express Warranty*

 Plaintiffs set forth similar allegations in the express warranty claim. Plaintiffs contend: (1) that Nutri/System "expressly warranted and represented that the *food products* sold to Plaintiff were nutritionally wholesome and safe for human consumption"; and (2) this warranty was breached by Nutri/System by "false, misleading and inaccurate" representations. This court will assume plaintiffs' express warranty claim is based on Vt.Stat.Ann. tit. 9A, § 2–313 (1990) and further, expresses no opinion as to whether a cause of action for breach of contract might lie in this case.

The following is a framework for express warranty under the Uniform Commercial Code:

(1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

Vt.Stat.Ann. tit. 9A, § 2–313(1)(a); N.H.Rev.Stat.Ann. 382–A:2–313(1)(a).

Plaintiffs do not allege that the goods themselves—the food items—were unwholesome or unsafe for human consumption. Instead, plaintiffs contend that the food products consumed as part of the Program were unsafe. In other words, plaintiffs' argument asserts that the nutritional counseling services, provided as part of the Program, were insufficient. According to plaintiffs, this counseling in essence failed to adequately explain to them what constituted a safe, nutritionally sound diet utiliz-

ing Nutri/System foods. These allegations support plaintiffs' negligence and fraud claims but not the breach of warranty claims.

Defendant's motion to Dismiss plaintiffs' breach of warranty claims is GRANTED.