## Peters v. Randco Inc.

*Edward Orton,* for plaintiffs.
*Robert C. Ward,* for defendant Randco Inc.
*Timothy M. Sennett,* for defendant Maple Farms Inc.
*William Patrick Delaney,* for defendant Delicious Foods Company, now by merger Johanna Farms Inc.

LEVIN, *J.,* September 16, 1994—This matter is before the court on motions for summary judgment filed by the defendants Randco Inc. and Delicious Foods Company, now by merger Johanna Farms Inc.

This breach of warranty action arises from the alleged injuries sustained by plaintiff, June Peters, when she consumed a piece of deep-fried zucchini manufactured by Delicious Foods and served at a restaurant owned by Randco on May 6, 1991. After biting into a zucchini stick, Ms. Peters spat it out claiming that it tasted bitter. Ms. Peters then experienced such symptoms as swelling of the mouth, tightness in her throat and pains in her chest. At the restaurant, both her husband and the attending waitress placed a drop of the juice from the zucchini stick on their lips and each experienced a burning sensation. The following day, Ms. Peters sought treatment for blisters to her tongue and mouth. Thereafter, she claims to have lost her senses of taste, smell and the ability to detect cold and hot in her mouth.

On May 7, 1991, the remaining portion of the zucchini stick was taken to the Erie County Health Department who forwarded it to MicroBac Laboratories for testing.

The tests were inconclusive as to the offending substance and the laboratory discarded the tested sample.

Both defendants have moved for summary judgment based on the same two grounds, the spoliation of evidence and plaintiffs' inability to prove a prima facie case of breach of warranty.

The defendants' first argument is based on their inability to test the zucchini stick which allegedly caused Ms. Peters' injuries. Defendants have cited two cases in support of their spoliation of evidence argument. *Roselli v. General Electric Company,* 410 Pa. Super. 223, 599 A.2d 685 (1991), *allocatur granted,* 530 Pa. 645, 607 A.2d 255 (1992), *appeal discontinued,* and *DeWeese v. Anchor Hocking,* 427 Pa. Super. 47, 628 A.2d 421 (1993). However, the instant case is distinguishable from the *Roselli* and *DeWeese* cases for several reasons. These reasons include, but are not limited to, the identity of the defendants not being in issue, the goods being a highly perishable food product and the evidence having been tested by a neutral third party, who was responsible for the inadvertent disposal of the evidence. See *e.g., Orlando v. Herco Inc.,* 351 Pa. Super. 144, 525 A.2d 308 (1986).

Recent case law has explained that the remedy for spoliation of evidence is sanctions, and not judgment against the plaintiff. In Pennsylvania, such sanctions can span from a spoliation inference[1] to the exclusion of evidence critical to a plaintiff's case. *Donohoe v. American Isuzu Motors Inc.,* 155 F.R.D. 515 (M.D.Pa. 1994). A sanction which excludes critical evidence may

---

1. A "spoliation inference" is an inference that the destroyed evidence would have been unfavorable to the position of the offending party. *Schmid v. Milwaukee Electric Tool Corporation,* 13 F.3d 76, 78 (1994).

result in a judgment against plaintiff, but "the judgment is not the sanction; rather the exclusion of the evidence is the sanction. Judgment only follows because the party cannot otherwise prove its case." *Id.* at 520. Thus, the spoliation of the evidence alone cannot be the basis for a judgment against the plaintiff. The court notes that neither of the defendants in the instant action have filed any motions for sanctions.

Further, both defendants have at their disposal the defenses which are available in an action for breach of implied warranty of merchantability. Such defenses include the showing of a superseding cause and the exercise of care:

"In [a breach of warranty] action an affirmative showing by the seller that the loss resulted from some action or event following his delivery of the goods can operate as a defense. Equally, evidence indicating that the seller exercised due care in the manufacture, processing or selection of the goods is relevant to the issue of whether the warranty was in fact broken." 42 Pa.C.S. §2314, comment 13 (1984).

Based on these available defenses, the defendants are not without means to defend in the instant action, despite the unavailability of the alleged contaminated food.

The final issue is whether the plaintiffs will be able to prove a prima facie case of breach of warranty without the availability of the food product which was the alleged source of the breach of warranty. Plaintiff has the burden to prove the necessary elements of breach of implied warranty of merchantability. These elements include the existence of the warranty, breach thereof, causation and damages. 13 Pa.C.S. §2314, comment 13 (1984).

In a breach of warranty action, plaintiff need not prove negligence. *Orlando, supra* at 146-47, 505 A.2d at 309. Instead, plaintiff must prove that the goods sold were unfit for their ordinary purposes. 13 Pa.C.S. §2314 (b)(3) (1984). In a food products case, plaintiff must show that the food was unfit for human consumption, and therefore unmerchantable. *Orlando, supra* at 147, 505 A.2d at 309.

The court finds that the instant case is controlled by case law cited by the plaintiffs that is specific to personal injury arising from food products. Plaintiffs have cited two Pennsylvania cases which proceeded to trial despite the unavailability of the alleged contaminated food due to its ingestion by the injured party. See *Orlando v. Herco Inc., supra; Miller v. Meadville Food Service Inc.,* 173 Pa. Super. 357, 98 A.2d 452 (1953). In *Miller,* plaintiff sustained injuries when she bit into a foreign substance in a piece of pineapple pie that she purchased at defendant's cafeteria. *Id.* at 358-59, 98 A.2d at 452-53. While eating the pie, plaintiff bit into a hard particle which broke between her teeth. She attempted to cough it up, but it slid down her throat and she swallowed it. The original defendant joined the company from which it purchased, in bulk containers, the pineapple filling used in the pie. *Id.* The *Miller* case went to trial and the jury returned a verdict for the plaintiff divided equally between the two defendants. *Id.* at 359, 98 A.2d at 452. The trial court entered judgment n.o.v. in favor of the defendants on the basis that the plaintiff had not identified the foreign substance in the pie and thus, had not proven negligence. *Id.* at 360, 98 A.2d at 453. On appeal, the Superior Court reversed the judgment n.o.v. based

on the doctrine of exclusive control. The court stated that this doctrine relieved plaintiff from identifying the object which injured her throat and tongue, and shifts the burden of exculpating itself to the defendant. *Id.* at 362, 98 A.2d at 454.

Defendants argue that the *Miller* case is inapplicable, because it is a negligence case and the instant case is based on breach of warranty. However, the *Orlando* case is directly on point. In *Orlando,* the plaintiff became ill after consuming shrimp creole at the defendant's restaurant. None of the shrimp creole appears to have been saved or tested. Nevertheless, the case proceeded to trial solely on a theory of breach of warranty of merchantability based on circumstantial evidence.

The instant case is similar to *Orlando,* since without the zucchini stick, the plaintiffs must prove their case with circumstantial evidence and defendants must do the same with the available defenses. The laboratory's discarding of the zucchini stick places the parties in the same position they would have been had plaintiff ingested the entire zucchini stick. Based on *Orlando* and *Miller,* plaintiff would still have been able to proceed with her case, albeit with circumstantial evidence. Nonetheless, the use of circumstantial evidence is permissible to prove a prima facie case of breach of warranty of merchantability. Here, plaintiffs have filed depositions of both plaintiffs and the waitress on duty as to the deleterious effect of the zucchini stick, the immediacy and extensiveness of injury and other such relevant matters. This evidence supports a showing of the necessary elements and plaintiffs have established a prima facie case of breach of warranty of merchantability.

Based on the foregoing reasons, there exist genuine issues of material fact and both defendants' motions for summary judgment must be denied.

## ORDER

And now, to-wit, September 16, 1994, it is hereby ordered, adjudged and decreed that the motions for summary judgment filed by defendants Delicious Foods Company, now by merger Johanna Farms Inc., and Randco Inc., are hereby denied for the reasons set forth in the opinion filed herewith.