## Birt v. K-Mart Inc.

152

C.P. of Berks County, no. 2251-92 A.D.

*Eugene J. Maginnis Jr.,* for appellant.
*Frank A. Baker III,* for appellee.

STALLONE, *J.,* March 13, 1997—On May 19, 1990, the appellant, Diane Birt, was loading peat moss into her automobile in the rear of a department store owned and operated by the appellee, K-Mart Inc., when she tripped and fell over an allegedly broken wooden pallet which was covered with plastic wrapping. The store is located at 3405 North Fifth Street Highway in Muhlenberg Township.

She subsequently commenced this *"slip and fall"* action to recover damages for injuries which she suffered

to her right knee during this incident. She contends that the presence of this wooden pallet on the store property constituted a *dangerous condition,* that the appellee had *notice* of it because pallets would be broken on occasion during the normal course of business and that, as a result, the appellee had a duty to *warn* its customers of that condition.[1] Following a two day "bifurcated" jury trial in which the jury heard testimony limited to the issue of liability,[2] the jury returned a verdict in favor of the appellee in which it found that the appellee was negligent but that the appellee's negligence was not a substantial factor in causing the appellant to "slip and fall" and in causing her injuries.

The appellant contends that she is entitled to a new trial because this court erred in allowing Dorothy Mahoski, one of the appellee's employees, to testify that the appellee had never received a claim prior to this incident that any customer had fallen on any wooden pallet covered with plastic wrapping without first having an acknowledgment by the appellee that during those same periods it had broken pallets that were covered with plastic wrapping on the store property. We disagree.

We have looked to section 412.2 of the leading treatise of *Pennsylvania Evidence* (West 1987) for guidance on this issue and have found that:

"The Pennsylvania courts have frequently admitted evidence of similar accidents. Such evidence is not

---

1. All language which is italicized in this memorandum opinion is for emphasis only.

2. On May 13, 1996, the appellee filed a motion for bifurcation of the trial which this court granted pursuant to an order entered on May 21, 1996. Pursuant to that bifurcation, the jury was to initially hear testimony limited to the issue of liability and then, if and only if the jury returned a verdict in favor of the appellant on liability, would the jury then hear testimony on the issue of damages.

admissible to establish a pattern of negligence, but may be admitted to show that a party had *notice* of a *dangerous condition* or to show that a dangerous condition existed. Conversely, evidence that no other accidents occurred, *despite similar conditions,* may be admissible to prove there was no dangerous condition.

"Although the precedent is not clear, it also appears that the Pennsylvania courts may permit a party to prove absence of a dangerous condition by introducing evidence that there have been few or no other accidents. In *Orlando v. Herco Inc.,* [351 Pa. Super. 144, 505 A.2d 308 (1986)] the defendant introduced evidence that 20 customers had ordered shrimp creole on the same evening as plaintiff had, and none had complained of illness. The Superior Court held that the evidence was relevant to the defendant's claim that the shrimp creole had not been unmerchantable. In two earlier cases, the Supreme Court acknowledged the use of evidence of the absence of accidents, but did not comment on whether it was properly admitted. On the other hand, the defendant in *Baumeister v. Baugh & Sons Co.,* [142 Pa. Super. 346, 16 A.2d 424 (1940)] offered evidence that there had been no cases of tetanus infection at defendant's plant for 28 years. The Superior Court held this evidence was admissible solely to support the expert's opinion that plaintiff had not caught tetanus at work. The court commented that, generally, an act may not be disproved by showing it is contrary to the general course of conduct. Similarly, the Superior Court stated that the general excellence of the product was irrelevant in a suit for injuries due to a manufacturing defect. Thus, the precedent in Pennsylvania is mixed. McCormick suggests that evidence of an absence of accidents should be admitted if the circumstances in which no accident occurred are *substantially similar* to those in

which the accident in question occurred. This position is consistent with *Orlando,* and is preferable to the general rule of exclusion suggested by the Superior Court in *Baumeister*."

Dorothy Mahoski, who was employed by the appellee as a personnel manager at the time of this incident, testified as follows relative to this issue on direct examination:

"Q. Prior to the time this incident occurred, had there ever been any other incident reports that came to your attention of anybody ever falling on a broken pallet at K-Mart?

"A. No.

"Q. Any reports of anybody ever falling on a plastic shrink wrap at K-Mart?

"A. No.

"Q. No—any reports of anybody ever falling on any pallets in any condition of any nature whatsoever?

"A. No." N.T., Excerpt of Proceedings From Trial, p. 22.

Ms. Mahoski clearly testified that the appellee had not received any claims relating to wooden pallets, regardless of whether they were broken and/or covered with plastic wrapping. We find that her testimony is sufficient to establish that the circumstances which she testified to were "substantially similar" to the circumstances in the action at bar. Accordingly, this court did not err in allowing the jury to hear Ms. Mahoski's testimony.

And so, for the foregoing reasons, we conclude that the appellant is not entitled to a new trial and respectfully urge the Superior Court of Pennsylvania to deny this appeal.