Jose ODOM, Plaintiff,

v.

JEBROA ENTERPRISES t/a
McDonald's Restaurant,
Defendant.

No. Civ.A. 98–2176(JR).

United States District Court,
District of Columbia.

April 27, 1999.

Barry L. Leibowitz, Erin P. Band, Monica Meyers Turnbo, Leibowitz & Band, Wheaton, MD, for plaintiff.

John A. King, Deirdre R. Horton, King & Attridge, Rockville, MD, for defendant.

### MEMORANDUM

ROBERTSON, District Judge.

Plaintiff claims that he was injured as a result of swallowing "something" in a pink lemonade that he bought at defendant's McDonald's Restaurant. The "something" was never identified or recovered, and the lemonade was outside of defendant's control for at least an hour and a half before plaintiff drank the lemonade. Defendant has moved for summary judgment. Because no reasonable juror could find in plaintiff's favor, defendant's motion must, and will, be granted.

### Facts

On September 13, 1997, plaintiff bought a pink lemonade from defendant's McDonald's Restaurant located at 1901 Ninth Street, N.E., Washington, D.C. Before he left the McDonald's, he asked for and was given a refill of lemonade. Lemonade in hand, he walked across the street to the roof of the Deanwood Post Office, where he had been working on the roof. The lemonade's lid was on and a straw was inside. He put the drink on an air-conditioning unit about five feet high and about ten feet away from where he was working on the roof. He then proceeded to install insulation and cover it with metal. Another employee, plaintiff's foreman, was also working in the same small area. Plaintiff worked for about an hour and a half to two hours before taking a sip of the lemonade. When he took a sip, "something came out of the straw and got caught in [his] throat, gagged [him]." (Pl.'s Dep., Tr. at 59, lines 17–19). He began to vomit and was taken to the hospital. He spent two days undergoing tests and procedures to determine the source of his severe throat pain. No foreign body was ever found or identified. On September 11, 1998, plaintiff sued the owner/operator of the McDonald's under theories of strict liability, negligence, and breach of implied warranty of merchantability.

### Analysis

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear

the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 321, 322–23 (1985). Under all three of plaintiff's theories of liability—strict liability, breach of implied warranty, and negligence—plaintiff must establish that the foreign substance was in his drink at the time it left defendant's control. Plaintiff concedes the absence of any direct evidence on this point and argues that the circumstances described above permit the inference that there was an foreign substance in the drink when it left defendant's control. Plaintiff is entitled to the benefit of all reasonable inferences that may be drawn from the evidence. "[T]he inferences drawn must be reasonable. But there is no requirement that the circumstances, to justify the inferences sought, negative every other positive or possible conclusion." *Lohse v. Coffey,* 32 A.2d 258, 261 (D.C. 1943) (quotation and citation omitted).

It is undisputed that the foreign body was never identified or recovered *and* that, for almost two hours between the purchase of the lemonade and plaintiff's injury, the lemonade was on a roof ten feet away from where plaintiff and a colleague were working. In all of the District of Columbia cases upon which plaintiff relies, the identity of the object was known. In two cases from other jurisdictions where the foreign object was never identified, the food was consumed on the defendant's premises. *Krall v. Shaker Ridge Country Club, Inc.,* 51 A.D.2d 481, 382 N.Y.S.2d 126 (N.Y.App. Div.1976) (unknown object swallowed while eating bridal luncheon at defendant's club); *Miller v. Meadville Food Service, Inc.,* 173 Pa.Super. 357, 98 A.2d 452 (Pa.Super.Ct.1953) (unknown foreign substance in a piece of pineapple pie bought and eaten at defendant's cafeteria). Plaintiff's reliance on *Virgil v. Kash N Karry Service Corp.,* 61 Md.App. 23, 484 A.2d 652 (Md. Ct.Spec.App.1984), is misplaced. In that case, a thermos exploded three months after plaintiff bought it, and the court allowed plaintiff's testimony to show that she did nothing to cause the explosion. In *Virgil,* the jury was permitted to draw an

inference about what might have happened to a known object. Here, the combination of an unknown "foreign object" and the nearly two hour absence of defendant's exclusive control of the lemonade render plaintiff's theory, not permissible inference, but mere speculation. Defendant's motion for summary judgment must be granted.